**22379**

The STATE, Respondent, v. Jimmy Lee GUNTER, Appellant.

(335 S. E. (2d) 542)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling* of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Heard June 3, 1985.

Decided Oct. 2, 1985.

FINNEY, Acting Associate Justice:

The appellant, Jimmy Lee Gunter, was convicted of voluntary manslaughter and received a thirty year sentence. He appeals alleging that the trial judge coerced him into testifying at trial, in violation of the Fifth Amendment to the United States Constitution which prohibits compelled self-

incrimination. In addition, the appellant alleges error in the introduction of certain statements and the refusal of the court to allow the introduction of psychiatric testimony concerning the voluntariness of his confession. We reverse.

During trial, at the request of the appellant's attorney and out of the presence of the jury, the trial judge questioned Mr. Gunter as to whether or not he wished to take the stand in his own defense. Mr. Gunter now contends that this conversation amounted to official coercion and induced him to testify in violation of the Fifth Amendment.

The pertinent portion of the dialogue between the trial judge and the appellant is as follows:

> The Court: Do you understand that you have the right to testify in this trial if you want to?
>
> Mr. Gunter: Yes, Sir.
>
> The Court: You understand that you do not have to testify if you don't want to?
>
> Mr. Gunter: Yes, Sir.
>
> The Court: Either way, it would be basically your decision, do you understand that?
>
> Mr. Gunter: Yes, Sir.
>
> The Court: There is some benefits either way you go, and there are oftentimes severe detriments, that is, it's going to work against you either way you go. Do you understand that?
>
> Mr. Gunter: Yes.
>
> The Court: *If you do not testify, you know that that jury is going to hold it against you. You know that, don't you?* (Emphasis added)
>
> Mr. Gunter: If I don't testify?
>
> The Court: If you do not testify. You know that?
>
> The Court: You know that if there are twelve people sitting up there trying to decide if you are guilty or innocent and you don't say a word about it, *they're likely to hold it against you; don't you know that? Wouldn't you if you were on a jury?* (Emphasis added)
>
> Mr. Gunter: Yes, Sir. If they think I'm innocent—
>
> The Court: *I'm going to tell them not to hold it against you, but they're likely to do it anyhow. You know that?* (Emphasis added)
>
> Mr. Gunter: Yes, Sir.

The Fifth Amendment to the United States Constitution provides in part that: "No person ... shall be compelled in any criminal case to be a witness against himself ..." It is well settled that this provision governs state as well as federal criminal proceedings. *Malloy v. Hogan*, 378 U. S. 1, 84 S. Ct. 1489, 12 L. Ed. (2d) 653 (1964). Article I, Section 12, of the South Carolina Constitution contains similar language. The Fifth Amendment does not prevent a defendant from making a voluntary choice to testify, but it prohibits compelled testimony. In order for testimony to be considered compelled, some degree of official coercion is necessary. This court has recognized that, "absent some officially coerced self-accusation, the Fifth Amendment privilege is not violated ..." *State v. Gilbert*, 273 S. C. 690, 696, 258 S. E. (2d) 890, 893 (1979), quoting *United States v. Washington*, 431 U. S. 181, 187, 97 S. Ct. 1814, 1819, 52 L. Ed. (2d) 238, 245 (1977).

The right of an individual to invoke the Fifth Amendment at trial is a substantial one. The United States Supreme Court has acknowledged that there are many reasons, unrelated to guilt or innocence, why a defendant may decline to testify. *Carter v. Kentucky*, 450 U. S. 288, 101 S. Ct. 1112, 67 L. Ed. (2d) 241 (1981). Before a defendant testifies, the trial judge may establish that he understands his Fifth Amendment privilege by fully advising him of his right to testify or not to testify. This inquiry must be limited in scope, and it is impermissible for the judge to express his opinion, although the opinion may be based upon his experience and best judgment.

State law mandates that, if a defendant fails to take the stand in his own defense and requests a charge to that effect, the trial judge must instruct the jury that his failure to testify cannot be held against him or considered by the jury in any manner during their deliberations. How a jury may or may not view a defendant's decision not to testify is not an appropriate subject for comment by the court. A statement by the trial judge which intimates that the jury will ignore his instructions is improper. As stated in *Carter, supra*, 450 U. S. at 301, 101 S. Ct. at 1120, "we have not yet attained that certitude about the human mind which would justify us in ... a dogmatic assumption that jurors, if

properly admonished, neither could nor would heed the instructions of the trial court ..."

In the present case, this court is of the opinion that ▮ the comments of the trial judge constitute reversible error because he exceeded the scope of his authority to instruct the appellant as to his Fifth Amendment rights.

Appellant's remaining exceptions are without merit and are affirmed under Supreme Court Rule 23.

Accordingly, the judgment below is reversed, and the matter is remanded to the lower court for a new trial.

NESS, A.C.J., and GREGORY, HARWELL and CHANDLER, J J., concur.