22597

The STATE, Respondent v. Marcellus PIERCE, Jr., Appellant.
(346 S. E. (2d) 707)

Supreme Court

Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Amie L. Clifford; and James C. Anders, Sol. of the Fifth Judicial Circuit, all of Columbia, for respondent.

Deputy Chief Atty. Elizabeth C. Fullwood, of the South Carolina Office of Appellate Defense; John M. Young; and Jerry M. Screen, Columbia, for appellant.

Heard Jan. 7, 1986.

Decided July 21, 1986.

FINNEY, Justice:

The appellant, Marcellus Pierce, Jr., and co-defendants, William Anthony Nesmith and Benjamin Anthony Joyner, were convicted of murder, kidnapping, first degree criminal sexual conduct, grand larceny and conspiracy. Appellant was sentenced to death. His direct appeal and mandatory sentence review [S. C. Code Ann. Section 16-3-25 (1984)] are consolidated for purposes of this opinion.

Appellant raises numerous allegations of error. We reverse and remand.

## FACTS

Barbara Rossi was abducted from the Woodhill Mall parking lot in Richland County and taken to a nearby area, where she was raped, robbed and shot to death. Pierce and co-defendants Nesmith and Joyner were indicted and tried together for the crimes. Both Joyner and Nesmith testified at trial as to their participation in the crimes, but they attested that Pierce actually shot Ms. Rossi. Pierce did not testify at trial.

## JURY INSTRUCTIONS

The trial judge instructed the jury in his introductory charge not to deliberate about the case until it is concluded. He further instructed, "By that also I don't say that in the evening or during lunch or something you are not naturally going to be talking about the case." Prior to the weekend recess, the trial judge again instructed the jury,

"I don't suggest for a moment that you would not as human beings talk about the trial and what is going on. Do not start making up your minds about what your verdict should be."

Pierce contends that the jury instructions invited the jury to prematurely deliberate the case and are reversible error. We agree.

This Court has held that a jury should not begin discussing the case, nor deciding the issues, until all the evidence has been introduced, the arguments of counsel complete, and the applicable law charged. *State v. Gill*, 273 S. C. 190, 255 S. E. (2d) 455 (1979); *State v. McGuire*, 272 S. C. 547, 253 S. E. (2d) 103 (1979). The reasoning behind this holding against premature jury deliberation is best set out in *McGuire*, 272 S. C. at 552, 253 S. E. (2d) 103, wherein the Court stated: "The human mind is constituted such that when a juror declares himself, touching any controversy, he is apt to stand by his utterances to the other jurors in defiance of evidence. A fair trial is more likely if each juror keeps his own counsel until the appropriate time for deliberation."

In *State v. Gill*, the trial judge instructed the jury that they could discuss the case in the jury room. He further instructed the jury not to attempt to reach a decision until told by the court to begin their deliberations. This Court found that this improper and inconsistent instruction to discuss the case amounted to an invitation to the jurors to begin their deliberations before the close of the case and that it was inherently prejudicial and required reversal.

*State v. Gill* is not materially distinguishable from the case at bar. The challenged instruction in this case implicitly invited the jury to discuss the case, which is tantamount to deliberation, prior to its completion. Jurors should be admonished not to discuss the case with anyone, including each other, prior to the submission of the case to them. *State v. Parker*, 255 S. C. 359, 179 S. E. (2d) 31 (1971). Jurors are presumed to follow the law as instructed. *Parker v. Randolph*, 442 U. S. 62, 99 S. Ct. 2132, 60 L. Ed. (2d) 713 (1979).

The fact that the trial judge subsequently cautioned the jurors against making up their minds before the case was finally submitted to them does not cure the improper and inconsistent instruction condoning discussion of the case. See *State v. Gill, supra*. The challenged instruction is inherently prejudicial and requires reversal.

## FIFTH AMENDMENT RIGHT AGAINST
## COMPELLED TESTIMONY

During trial, at the request of the appellant's attorney and out of the presence of the jury, the trial judge questioned Pierce as to whether or not he wished to take the stand in his own defense.

The trial judge stated, "I tell you that the jury, will hold it against you, the fact that you did not testify. . . . I am going to charge them that the law does not permit them to hold it against you, but they are human beings and you know and I know that any twelve people who have been called upon to resolve some dispute cannot help but have it in their mind and wonder why he did not tell us his side of it."

While appellant did not raise exception as to his statement by the judge, the court reviews the record *in favorem vitae* in capital cases. *State v. Patterson,* 278 S. C. 319, 295 S. E. (2d) 264 (1982).

The Fifth Amendment provides that no person shall be compelled in a criminal case to be a witness against himself. This court has held in *State v. Gunter,* 286 S. C. 556, 335 S. E. (2d) 542 (1985),[1] that it is a violation of a defendant's Fifth Amendment rights for a judge to make comments on how a jury may nor may not view a defendant's decision not to testify. The judge's statements in *State v. Gunter* were almost identical to the present case.

The state, at oral argument before this Court, asserts that this case is distinguishable from *Gunter* because Pierce had already made up his mind not to testify prior to the court's statement, and he did not change his mind after hearing the statement; therefore, Pierce is not prejudiced.

We disagree. The comments by the judge were erroneous, improper and contrary to South Carolina law. See *State v. Gunter, supra.* Although Pierce did not testify, he had the right to make that decision free of any influence or coercion from the trial judge. It is virtually impossible to determine the actual effect the judge's improper statements had on Pierce; but we do not agree with the state's position that, because Pierce did not testify, the judge's comments are harmless error.

---

[1] *State v. Gunter* was decided after this case was tried.

## SENTENCING PHASE OF TRIAL

Appellant argues on appeal that the trial court erred in failing to charge the statutory mitigating circumstances found in S. C. Code Ann. Section 16-3-20(C)(b)(1), (2), (5), (6) and (7). We agree in part.

Although a specific request for these charges was not made at trial, this court reviews this error *in favorem vitae. State v. Patterson, supra.*

The record is replete with evidence that Pierce was extremely intoxicated, smoking marijuana, and injecting drugs intravenously during the commission of the crimes. Evidence of voluntary intoxication is a proper matter for consideration by the jury in mitigation of punishment. *State v. Woomer,* 278 S. C. 468, 299 S. E. (2d) 317, 321 (1982), *cert. denied,* 463 U. S. 1229, 103 S. Ct. 3572, 77 L. Ed. (2d) 1413 (1983); *State v. Shaw,* 273 S. C. 194, 255 S. E. (2d) 799 (1979), *cert. denied,* 444 U. S. 957, 100 S. Ct. 437, 62 L. Ed. (2d) 329, *reh. denied,* 444 U. S. 1027, 100 S. Ct. 694, 62 L. Ed. (2d) 662 (1980).

Pursuant to Section 16-3-20(C), the trial judge shall instruct the jury as to those statutory mitigating circumstances which may be supported by the evidence. [Emphasis supplied]. The trial judge is not to be concerned with the weight of the evidence, but only with the existence of evidence. *State v. Butler,* 277 S. C. 452, 457, 290 S. E. (2d) 1, 4 (1982), *citing State v. Gunter,* 273 S. C. 347, 256 S. E. (2d) 317 (1979). In this case, the trial judge was required by law to instruct jury on statutory mitigating circumstances 2, 6, and 7, given the evidence showing Pierce was using drugs and extremely intoxicated during the commission of the crime. The failure to instruct is not harmless error.

In view of our decision in this case, we do not find it necessary to review the remaining exceptions.

We reverse and remand for a new trial.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.