22626

The STATE, Respondent v. Kamathene A. COOPER, Appellant.
(353 S. E. (2d) 441)

Supreme Court

*David I. Bruck*, Columbia, *Michael G. Nettles*, Lake City, *Bernard D. Dusenbury*, Florence, and *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. William Edgar Salter, III*, Columbia, and *Sol. Dudley Saleeby, Jr.*, Florence, *for respondent.*

Heard Sept. 17, 1986.

Decided Nov. 17, 1986.

*Per Curiam:*

Appellant Kamathene A. Cooper was convicted of murder, forgery and armed robbery in connection with the death of Rheupert W. Stewart and sentenced to death. His direct appeal and mandatory sentence review are consolidated for purposes of this opinion pursuant to S. C. Code Ann. § 16-3-25 (1976) as amended. We reverse and remand for a new trial.

Appellant raises numerous allegations of error of which we address the following:

> I. Whether the trial judge erred in qualifying as a juror a uniformed officer of the South Carolina Highway Patrol;
> II. Whether the trial judge erred regarding his comments on the appellant's Fifth Amendment Rights to testify;
> III. Whether the trial court erred in limiting the closing argument of appellant's counsel concerning the appellant's alleged assertion of his right to counsel and his understanding of his *Miranda* rights; and

IV. Whether the trial court erred in not allowing into evidence photographs of appellant's living conditions, in violation of S. C. Code Ann. § 16-3-20(C) (1976).

## I. QUALIFICATION OF HIGHWAY PATROLMAN AS JUROR

David A. Miller, a patrolman with the South Carolina Highway Department, was summoned to serve as a juror at appellant's trial. Patrolman Miller appeared in full uniform and with his service revolver during the voir dire stage of trial. Defense counsel challenged for cause the seating of Miller as a prospective juror, given his official law enforcement capacity. The trial judge overruled counsel's challenge for cause and qualified Patrolman Miller to serve on the jury panel. Appellant used one of his peremptory challenges to exclude the patrolman and exhausted his peremptory challenges prior to the impaneling of the trial jury. See *State v. Smith,* 286 S. C. 406, 334 S. E. (2d) 277 (1985).

Every accused in a criminal prosecution is entitled to a competent and impartial jury, and it is the duty of the trial court to see that a jury of competent, fair and impartial persons is impaneled. *State v. Rogers,* 263 S. C. 373, 210 S. E. (2d) 604 (1974); and see also S. C. Constitution Art. I, Section 14. Under S. C. Code Ann. § 14-7-820 (1976), as amended, certain persons are excluded from serving on a jury panel, to wit:[1]

> No clerk or deputy clerk of the court, constable, sheriff, probate judge, county commissioner, magistrate or other county officer or any person employed within the walls of any courthouse shall be eligible as a juryman in any civil or criminal case.

This Court has adopted a functional rather than a rigid formalistic approach in interpreting and applying the provisions of this statute. See e.g. *State v. Johnson,* 123 S. C. 50, 115 S. E. 748 (1923), and *Bryant v. State,* 264 S. C. 157, 213 S. E. (2d) 451 (1975). In *Johnson,* we held that a privately employed deputy sheriff for an industrial corporation was disqualified under § 14-7-820 because he was vested with like

---

[1] The S. C. General Assembly has subsequently passed Act No. 340 of 1986, which amends § 14-7-810 to § 14-7-900, however, these modifications do not affect this decision.

powers and duties of a county deputy sheriff. Whereas in *Bryant*, the Court declined to disqualify a special deputy sheriff because his duties were confined to the service of process and not those duties exercised by a law enforcement officer.

A highway patrolman is an officer of the State who has broad authority and power, similar to that of a deputy sheriff, in enforcing the law. S. C. Code Ann. § 23-5-40 (1976), as amended, provides in pertinent part that a highway patrolman:

> ... shall have the same power to serve criminal processes against offenders as sheriffs of the various counties and also the same power as such sheriffs to arrest without warrants. ... Such officers and patrolmen shall also have the same power and authority held by deputy sheriffs for the enforcement of the criminal laws of the State.

In addition, S. C. Code Ann. § 23-5-60 (1976), as amended, requires that "[highway] patrolmen shall, upon request of any sheriff, assist such sheriff in the solution of any crime and the apprehension of any law violator."

In our view, highway patrolmen are functionally equivalent to deputy sheriffs. Although highway patrolmen are officers of the State rather than the various counties, they exercise similar duties and responsibilities as deputy sheriffs, and their respective functions entail constant reciprocity. It takes no stretch of the imagination to envision the natural bond that develops between these agencies of law enforcement. Under the rationale of *State v. Johnson, supra*, and the functional approach this Court has adopted concerning exclusion of certain persons from a jury panel, we hold that it was error for the trial judge not to have disqualified Patrolman Miller from the jury.

## II. FIFTH AMENDMENT RIGHT AGAINST COMPELLED TESTIMONY

During the guilt phase of the trial, the trial judge questioned appellant regarding whether he wished to testify. The portion of the colloquy that is being challenged is as follows:

COURT: And you are telling me that you do not wish to tell the jury your side of the controversy?

DEFENDANT: Yes sir.

COURT: You are aware that the jury is going to hold it against you?

DEFENDANT: Yes Sir.

COURT: I'm going to tell the jury not to do so, which is all that finite human beings can do in communicating with each other, but that isn't going to prevent them, human being themselves, from wondering why didn't the defendant tell us where he was, or what he was doing, et cetera. You understand that?

DEFENDANT: Yes sir.

COURT: So it is going to be held against you. You know that?

DEFENDANT: Yes sir.

The following morning the jury reached a guilty verdict. On the same date, this Court handed down its decision in *State v. Gunter*, 286 S. C. 556, 335 S. E. (2d) 542 (1985), which reversed a criminal conviction on the grounds that the trial judge erred in making similar statements, in violation of the defendant's Fifth Amendment rights. The trial judge, after learning of the *Gunter* decision, attempted to remedy any prejudicial effect of his statements by giving the appellant an opportunity to take the stand. The appellant did not take the stand. The trial judge's belated offer did not cure the defect.

Since *Gunter* this Court has reaffirmed its position against substantially similar statements as above, which it believes infringe on a defendant's Fifth Amendment rights. See *State v. Pierce*, 289 S. C. 430, 346 S. E. (2d) 707 (1986). Our holding in *Pierce* is controlling in this case and merits repeating:

The comments by the trial judge were erroneous, improper and contrary to South Carolina law. See *State v. Gunter, supra.* Although [appellant] did not testify, he had the right to make that decision free of any influence or coercion from the trial judge. It is virtually impossible to determine the actual effect the judge's improper comments had on [appellant]; but we do not agree with

the state's position that, because [appellant] did not testify, the judge's comments are harmless error.

## III. LIMITATION OF MIRANDA ARGUMENT TO JURY

The appellant challenged during the course of the ■ trial his purported confession because, as he argued, it was obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed (2d) 694 (1966), and *Edwards v. Arizona,* 451 U. S. 477, 101 S. Ct. 1880, 68 L. Ed. (2d) 378 (1981). During closing argument, appellant's counsel attempted to argue to the jury that it was a matter for the jury to decide whether appellant had requested an attorney, and whether appellant understood his *Miranda* rights prior to giving a statement. The solicitor objected to this portion of the argument, and the following colloquy and ruling ensued:

COURT: Mr. Nettles [defense counsel], this is not an issue for this jury. The argument is not well taken, because the jury is not going to be asked to consider those matters. I have already done so.

MR. NETTLES: It was my impression of the law, Your Honor, that it was ultimately left up to being a question of fact for the jury.

COURT: When a factual question is presented. In this case there is none, and the only submission to this jury will be whether the statement was freely and voluntarily made.

The trial judge erred in his conclusion that the evidence did not present a jury question as to whether the appellant understood his *Miranda* rights. See *State v. Adams,* 277 S. C. 115, 283 S. E. (2d) 582 (1981). In *State v. Adams,* this Court made clear in its instructions to the trial bench the need to impress upon the jury that it cannot consider any confession unless found beyond a reasonable doubt that appellant understood his *Miranda* rights and that the statement was given freely and voluntarily under the totality of the circumstances. *Id.,* 283 S. E. (2d) at 586. It was improper and error for the trial court to limit appellant's argument to the jury on the *Miranda* issue.

## IV. ADMISSIBILITY OF PHOTOGRAPHS

During the sentencing phase of appellant's trial, ■ counsel for appellant sought to introduce in mitigation of punishment twenty-one photographs of the interior and exterior of appellant's home. The trial judge allowed in six pictures showing the exterior of the house, but refused to allow in those pictures depicting the interior, ruling that they were irrelevant. Appellant argues the court erred in not allowing into evidence the excluded photographs because they were relevant to show circumstances of the offense which could serve as the basis for a sentence of less than death.

The evidence reveals that on the morning of the murder, the appellant conferred with his landlord, the deceased, concerning the dilapidated condition of the house and the need to make repairs. According to appellant's confession, the deceased indicated the house would be repaired, but the rent might be increased. It is our view, particularly given the circumstances surrounding the murder, that the photographs were relevant in determining punishment and should have been admitted. The jury should not be precluded from considering as a mitigating circumstance any aspect of appellant's record, character, or any circumstances of the offense which could serve as a basis for a sentence less than death. See *Woodson v. North Carolina*, 428 U. S. 280, 96 S. Ct. 2978, 49 L. Ed. (2d) 944 (1976), *Lockett v. Ohio*, 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. (2d) 973 (1978), and *Eddings v. Oklahoma*, 455 U. S. 104, 102 S. Ct. 869, 71 L. Ed. (2d) 1 (1982).

We reverse and remand this case for a new trial.

Reversed and remanded.