604 S.E.2d 377

**The STATE, Respondent,**

v.

**William E. DOWNS, Jr., Appellant.**

**No. 25884.**

Supreme Court of South Carolina.

Heard Sept. 21, 2004.
Filed Oct. 25, 2004.
Rehearing Denied Dec. 14, 2004.

Assistant Appellate Defender Robert M. Dudek, and Jeffrey P. Bloom, both of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.

Justice PLEICONES:

This is a death penalty case. Appellant pleaded guilty to murder, kidnapping, and first-degree criminal sexual conduct with a minor. With respect to the murder, the circuit court found the following aggravating circumstances: Appellant committed the murder while in the commission of criminal sexual conduct; Appellant committed the murder while in the commission of a kidnapping; and Appellant murdered a child eleven years old or younger. The circuit court sentenced Appellant to death.[1] This opinion consolidates Appellant's direct appeal and the sentence review required by S.C.Code Ann. § 16–3–25 (2003). We affirm.

## FACTS

The victim, a six-year-old boy, was taken into a wooded area of a park, raped, and strangled to death. After newspapers reported the murder, Appellant told his sister that he had committed the crime. Appellant's sister reported this to the police and disclosed Appellant's location. The police found and detained Appellant, and he confessed.

Appellant was charged with murder, kidnapping, and first-degree criminal sexual conduct with a minor. At the plea hearing, Appellant expressed the desire to plead guilty but

---

1. Appellant was not sentenced for the kidnapping or first-degree criminal sexual conduct with a minor. S.C.Code Ann. § 16–3–910 (2003) does not permit a sentence for kidnapping if the defendant is sentenced for murder.

was uncertain whether he wanted to later present evidence that he was mentally ill at the time of the crime (guilty but mentally ill or GBMI).[2] Appellant never suggested that he wanted to plead guilty only if found mentally ill. Rather, Appellant repeatedly stated that he knew he wanted to admit guilt. Moreover, Appellant claimed to understand that if he were to present evidence of mental illness and the court were to find him GBMI, death would remain a possible sentence.[3]

The court proceeded with the hearing on the guilty plea while permitting Appellant to defer the decision whether to claim mental illness. Upon the court's inquiry Appellant claimed to understand that by pleading guilty he waived his right to a jury trial on both guilt and sentencing. When the judge asked if Appellant wanted to impanel a jury, admit guilt, and ask the jury to decide the sentence, Appellant answered in the negative. The court accepted Appellant's guilty plea as voluntarily, knowingly, and intelligently entered.

At a later hearing, Appellant did present evidence that he was mentally ill when the crime occurred. An expert testified that Appellant's mental condition rendered him unable to conform his conduct to the requirements of the law, that is, he was mentally ill. Two other experts testified that Appellant was not mentally ill, that he could so conform his conduct. After considering the evidence, the court ruled that Appellant failed to prove he was GBMI.[4]

At sentencing the court found the three aggravating circumstances stated above. In addition, even though Appellant's attorneys represented that Appellant had instructed them to

2. A defendant is GBMI if at the time of the offense, "he had the capacity to distinguish right from wrong or to recognize his act as being wrong as defined in Section 17–24–10(A), but because of mental disease or defect he lacked sufficient capacity to conform his conduct to the requirements of the law." S.C.Code Ann. § 17–24–20(A) (2003).

3. S.C.Code Ann. § 17–24–70 (2003) requires that a defendant found GBMI be sentenced "as provided by law for a defendant found guilty." This Court has held it is constitutional to sentence a GBMI defendant to death. *State v. Wilson*, 306 S.C. 498, 512, 413 S.E.2d 19, 27 (1992) (subsequent history omitted).

4. The defendant has the burden of proving mental illness by a preponderance of the evidence. S.C.Code Ann. § 17–24–20(D) (2003).

neither "offer any mitigation to the court" nor "argue to the court for a sentence of life without parole," the court found four mitigating circumstances.[5] After considering both sets of circumstances, the court sentenced Appellant to death.

## ISSUES

I.   Whether Appellant's guilty plea was an invalid conditional plea.

II.  Whether Appellant had a right to a jury trial on sentencing of which he was deprived.

III. Whether the circuit court lacked subject matter jurisdiction to sentence Appellant to death because the indictment did not allege aggravating circumstances.

## ANALYSIS

### I.  The Plea

Appellant claims his guilty plea was a conditional plea and therefore invalid. We disagree.

In South Carolina, guilty pleas must be unconditional. *State v. Peppers*, 346 S.C. 502, 504, 552 S.E.2d 288, 289 (2001); *State v. O'Leary*, 302 S.C. 17, 18, 393 S.E.2d 186, 187 (1990); *State v. Truesdale*, 278 S.C. 368, 370, 296 S.E.2d 528, 529 (1982). If "an accused attempts to attach any condition or qualification" to a guilty plea, then "the trial court should direct a plea of not guilty." *Truesdale*, 278 S.C. at 370, 296 S.E.2d at 529. If the trial court accepts a conditional guilty plea, then the plea will be vacated on appeal. *Peppers*, 346 S.C. at 505, 552 S.E.2d at 290.

Appellant asserts his plea was conditional because he pleaded guilty while deferring the decision whether to present evidence of mental illness. Appellant argues the potential of

---

5. First, Appellant had "no significant history of prior criminal conviction involving the use of violence against another person." Second, Appellant committed the murder while "under the influence of mental or emotional disturbance." Third, Appellant's capacity "to appreciate the criminality of his act or to conform his conduct to the requirements of the law was substantially impaired." And fourth, Appellant's age or mentality at the time of the crime weighed in his favor.

being found mentally ill constituted a condition attached to his plea. We disagree.

Appellant never attempted to reserve the right to later deny his guilt. He reserved the right only to present evidence that he committed the crime while mentally ill. Guilty but mentally ill is still guilty. *See* S.C.Code Ann. § 17–24–70 (2003) (requiring that a GBMI defendant be sentenced as guilty); *see also State v. Hornsby*, 326 S.C. 121, 126, 484 S.E.2d 869, 872 (1997) (noting that a finding of GBMI "does not absolve a defendant of guilt"). The difference between guilty and GBMI pertains only to post-sentencing medical treatment. *See* S.C.Code Ann. § 17–24–70 (2003). Appellant's guilty plea was unconditional.

## II. The Sentencing Procedure

■ Appellant asserts *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), renders unconstitutional the requirement in S.C.Code Ann. § 16–3–20(B) (2003) that the sentencing proceeding be held before the judge when a defendant pleads guilty to murder. We disagree.

■ The capital-sentencing procedure invalidated in *Ring* does not exist in South Carolina. Arizona's statute required the judge to factually determine whether there existed an aggravating circumstance supporting the death penalty regardless whether the judge or a jury had determined guilt. Ariz.Rev.Stat. § 13–703(C) (2001) (amended 2002); *Ring*, 536 U.S. at 597, 122 S.Ct. at 2437, 153 L.Ed.2d at 569. In South Carolina, conversely, a defendant convicted by a jury can be sentenced to death only if the jury also finds an aggravating circumstance and recommends the death penalty. S.C.Code Ann. § 16–3–20(B) (2003); *Sheppard v. State*, 357 S.C. 646, 652, 594 S.E.2d 462, 466 (2004).

In any event, *Ring* did not involve jury-trial waivers and is not implicated when a defendant pleads guilty. Other courts have also reached this conclusion. *See, e.g., Leone v. Indiana*, 797 N.E.2d 743, 749–50 (Ind.2003); *Colwell v. Nevada*, 118 Nev. 807, 59 P.3d 463, 473–74 (2003); *Illinois v. Altom*, 338 Ill.App.3d 355, 362, 272 Ill.Dec. 751, 788 N.E.2d 55, 61 (5 Dist.), *app. denied*, 204 Ill.2d 663, 275 Ill.Dec. 77, 792 N.E.2d 308 (2003).

Appellant was informed that by pleading guilty he waived his right to a jury trial on both guilt and sentencing. He does not argue his waiver was made involuntarily, unknowingly, or unintelligently. *See Burnett v. State*, 352 S.C. 589, 576 S.E.2d 144 (2003) (discussing waivers of constitutional rights). Appellant was not deprived of his right to a jury trial.

### III. The Indictment

■■ Appellant argues the circuit court lacked subject matter jurisdiction to sentence him to death because the indictment charging him with murder[6] did not allege an aggravating circumstance.[7] Appellant did not challenge the indictment below, but subject matter jurisdiction may be raised at any time, including on appeal. *See Koon v. State*, 358 S.C. 359, 365, 595 S.E.2d 456, 459 (2004). We disagree with Appellant on the merits.

Appellant asserts *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, *supra*, mandate that indictments in state capital cases allege aggravation. Appellant is incorrect. The Court expressly noted in both *Apprendi* and *Ring* that the cases did not involve challenges to state indictments. *Apprendi*, 530 U.S. at 477, 120 S.Ct. at 2356, 147 L.Ed.2d at 447 n. 3; *Ring*, 536 U.S. at 597, 122 S.Ct. at 2437, 153 L.Ed.2d at 569 n. 4. More important, the Fourteenth Amendment has not been construed to incorporate the Fifth Amendment's Presentment or Indictment Clause. *See Apprendi*, 530 U.S. at 477, 120 S.Ct. at 2356, 147 L.Ed.2d at 447 n. 3; *Ring*, 536 U.S. at 597, 122 S.Ct. at 2437, 153 L.Ed.2d at 569 n. 4; *Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221, 1226–27, 31 L.Ed.2d 536, 543–44 (1972); *Hurtado v. California*, 110 U.S. 516, 534–35, 4 S.Ct. 111, 120–21, 28 L.Ed. 232, 238 (1884). State law governs indictments for state-law crimes.

---

6. The indictment stated Appellant "did in Aiken County on or about April 17, 1999, with malice aforethought, kill [the victim] by means of asphyxia due to manual strangulation and said victim died as a proximate result thereof. All in violation of Section 16–3–10 of the South Carolina Code of Laws (1976), as amended."

7. The State timely gave Appellant notice of aggravation pursuant to S.C.Code Ann. § 16–3–20(B) (2003).

Under South Carolina law, aggravating circumstances need not be alleged in an indictment for murder. S.C.Code Ann. § 17–19–30 (2003); *State v. Butler*, 277 S.C. 452, 456–57, 290 S.E.2d 1, 3–4 (1982) (subsequent history omitted). The aggravating circumstances listed in S.C.Code Ann. § 16–3–20(C)(a) (2003) are sentencing factors, not elements of murder. *See Butler*, 277 S.C. at 456–57, 290 S.E.2d at 3–4. The circuit court had subject matter jurisdiction to sentence Appellant to death.

## SENTENCE REVIEW

The Court must conduct a proportionality review of Appellant's death sentence based on the record. S.C.Code Ann. § 16–3–25(A) (2003). In conducting the review, the Court considers similar cases in which the death penalty has been upheld. *See* S.C.Code Ann. § 16–3–25(E) (2003).

We find Appellant's death sentence was not the result of passion, prejudice, or any other arbitrary factor, and the evidence supports the trial judge's findings of aggravation. *See* S.C.Code Ann. § 16–3–25(C) (2003). Further, in relation to sentences in similar cases, Appellant's was neither excessive nor disproportionate to his crime. *See State v. Passaro*, 350 S.C. 499, 567 S.E.2d 862 (2002); *State v. Stokes*, 345 S.C. 368, 548 S.E.2d 202 (2001); *State v. Rogers*, 338 S.C. 435, 527 S.E.2d 101 (2000); *State v. Rosemond*, 335 S.C. 593, 518 S.E.2d 588 (1999); *State v. Charping*, 333 S.C. 124, 508 S.E.2d 851 (1998), *cert. denied, Charping v. South Carolina*, 527 U.S. 1007, 119 S.Ct. 2345, 144 L.Ed.2d 241 (1999); *State v. Conyers*, 326 S.C. 263, 487 S.E.2d 181 (1997).

## CONCLUSION

Appellant's guilty plea was not a conditional plea, and Appellant was not deprived of his right to a jury trial. In addition, the circuit court had subject matter jurisdiction to sentence Appellant to death. Finally, the punishment was proportionate to the crime. Appellant's guilty plea and sentence are

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.