608 S.E.2d 429

The STATE, Respondent,

v.

Denisona J. CRISP, Appellant.

No. 25928.

Supreme Court of South Carolina.

Heard Nov. 30, 2004.
Decided Jan. 24, 2005.

Jeffrey P. Bloom, of Columbia, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia, and Solicitor Druanne D. White, of Anderson, for Respondent.

Justice BURNETT.

Denisona J. Crisp (Appellant) pled guilty in a capital murder case and was sentenced to death. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant, then age 20, pled guilty in April 2001 to murder, assault and battery with intent to kill (ABWIK), and two counts of possession of a firearm or knife during the commission of a violent crime. The murder victim was Jealoni Blackwell; the assault victim was Thomas Gambrell. Appellant was sentenced by Judge James W. Johnson, Jr., to life in prison for murder, twenty years consecutive for ABWIK, and five years concurrent on each weapon charge.

Following the plea hearing, the State officially served notice of the intent to seek the death penalty in connection with the

murder of Clarence Watson. The State asserted the prior conviction of murder and physical torture as statutory grounds for the death penalty. *See* S.C.Code Ann. § 16–3–20(C)(a)(1)(h) and (C)(a)(2) (2003).

Appellant pled guilty in June 2001 to murdering Watson and possession of a firearm or knife during the commission of a violent crime. Following a three-day, non-jury sentencing hearing before Judge John W. Kittredge in October 2001, Appellant was sentenced to death.

## STANDARD OF REVIEW

In criminal cases, we sit to review errors of law only and we are bound by factual findings of the trial court unless an abuse of discretion is shown. *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001); *State v. Cutter,* 261 S.C. 140, 147, 199 S.E.2d 61, 65 (1973). An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law. *State v. McDonald,* 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000); *State v. Manning,* 329 S.C. 1, 7, 495 S.E.2d 191, 194 (1997).

## ISSUES

I. Did the trial judge err during the plea colloquy by informing Appellant his best hope for a life sentence at a jury trial might ultimately depend on lying jurors "who will testify under oath that they are for the death penalty when they're not, simply because they can serve on a jury to let someone go"?

II. In light of the United States Supreme Court's decision in *Ring v. Arizona,* is the statutory provision allowing a judge, sitting alone, to sentence to death a defendant who pleads guilty a violation of a defendant's Sixth Amendment right to a jury trial?

III. Did the trial judge lack subject matter jurisdiction to sentence Appellant to death because the murder indictment did not identify any statutory circumstances of aggravation necessary to expose Appellant to a punishment greater than life in prison?

## I. JUDGE'S COMMENTS REGARDING DECEPTIVE JURORS

 The following exchange occurred as the trial judge questioned Appellant about the waiver of his right to a jury trial during the June 2001 hearing in which Appellant pled guilty to Watson's murder:

THE COURT: Let me tell you something else for you to be aware of as a practical matter in waiving your right to a jury trial. There are jurors who will be brought in who will testify under oath that they are for the death penalty when they're not simply because they can serve on a jury to let someone go. Do you understand that?

[APPELLANT]: I don't understand that, Your Honor.

THE COURT: Do you understand what I'm telling you?

[APPELLANT]: I understand what you're saying.

THE COURT: I'm telling you it's a fact of life. I've had it happen. Jurors will come in and lie and tell me that they're open-minded and would, if the circumstances warrant, vote to impose the death penalty and not be willing to do so simply as an area to express their agenda of being against the death penalty. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: And you could get such a juror. And we may not be able to detect on the front end who's telling the truth and who's not. And it only takes one juror for you to receive life in prison. Now, having explained that to you and the reality of that situation and that potential, do you still want to plead guilty in front of me?

[APPELLANT]: Yes, sir.

Appellant contends the judge, through his extraneous comments, injected his personal opinion about the potential exercise of a constitutional right into the proceeding. Such comments exceed the scope of the judge's authority, regardless of whether his opinion is based on his experience and best judgment. Appellant argues the "ultimate decision to waive a jury trial was [made] subject to the judge's assertion that his best hope at trial might come down to lying jurors who would deliberately subvert his trial for their own purposes."

Appellant argues the comments prevented him from making a knowing and voluntary waiver of his right to a jury trial, and the comments constitute prejudicial error. Appellant relies on *State v. Gunter*, 286 S.C. 556, 335 S.E.2d 542 (1985); *State v. Pierce*, 289 S.C. 430, 346 S.E.2d 707 (1986), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991); *State v. Cooper*, 291 S.C. 332, 353 S.E.2d 441 (1986), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991); and *Butler v. State*, 302 S.C. 466, 397 S.E.2d 87 (1990).

We recently addressed this same issue on virtually identical facts in *State v. Owens*, 362 S.C. 175, 607 S.E.2d 78 (2004). In that case, the trial judge sentenced Owens to death after making essentially the same comments describing potentially deceptive jurors during a resentencing proceeding as those made by the judge in this case. We concluded the "comments were improper and contrary to South Carolina law. Although the trial court must strive to ensure that a criminal defendant's waiver of the right of a jury trial is knowing and voluntary, the court should never inject its personal opinion into that decision. The comments here impermissibly did so." We reversed and granted the defendant a new sentencing proceeding. *Owens* at 178, 607 S.E.2d at 80; *see also Gunter, supra* (reversing jury verdict of guilty where defendant testified after trial judge repeatedly told him the jury would hold it against him if he exercised his Fifth Amendment right not to testify, although judge also advised defendant he would instruct the jury it could not hold against him his decision not to testify); *Pierce*, 289 S.C. at 434, 346 S.E.2d at 710 (reversing jury verdict of guilty where trial judge made same comments regarding defendant's constitutional right not to testify as in *Gunter*, although defendant nonetheless declined to testify); *Cooper*, 291 S.C. at 336, 353 S.E.2d at 443 (reversing jury verdict of guilty where trial judge made same comments regarding defendant's constitutional right not to testify as in *Gunter*, although defendant nonetheless declined to testify); *Butler v. State*, 302 S.C. 466, 397 S.E.2d 87 (1990) (granting writ of habeas corpus based on identical comments; Court stated it had rejected in *Pierce* and *Cooper* the suggestion these types of comments could ever constitute harmless error

and concluded the comments by the judge were erroneous, improper and contrary to South Carolina law).

The defendant in *Owens* expressed his belief at the sentencing proceeding that the opposite of the situation described by the judge also could happen, i.e., a death-prone juror might lie to get on the jury in order to sentence him to death. Appellant expressed no such concerns during his guilty plea. Nevertheless, we adhere to our precedent and conclude such comments by a trial judge during a guilty plea proceeding are fundamentally erroneous and constitute prejudicial error. We reverse Appellant's guilty plea.

## II. SENTENCING BY JUDGE ONLY AFTER *RING V. ARIZONA*

Appellant argues the provision of S.C.Code Ann. § 16–3–20(B) (2003), which eliminates the possibility of sentencing by a jury when a defendant pleads guilty in a capital case, is unconstitutional in light of *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In Appellant's view, *Ring* interprets the Sixth Amendment to require a jury—not a judge acting alone—determine the aggravating factors in a capital proceeding even when the defendant pleads guilty.

At the June 2001 plea hearing, the trial judge questioned Appellant at length about the various constitutional rights he would waive by pleading guilty. The trial judge specifically and repeatedly informed Appellant that he would waive the right to a jury trial in not only the guilt phase, but also in the sentencing phase; that the jury's verdict recommending death would have to be unanimous, and the refusal of one juror to agree to the death penalty would result in a sentence of life imprisonment. The trial judge told Appellant that admittedly guilty defendants in capital cases often stand trial simply to obtain a jury trial in the sentencing phase. In addition, Appellant's attorneys stated they had explained the same concepts to Appellant.

We recently addressed this issue in *State v. Downs,* 361 S.C. 141, 604 S.E.2d 377 (2004). In that case, we stated that

Appellant asserts *Ring v. Arizona* renders unconstitutional the requirement in S.C.Code Ann. § 16–3–20(B) (2003) that

the sentencing proceeding be held before the judge when a defendant pleads guilty to murder. We disagree.

The capital-sentencing procedure invalidated in *Ring* does not exist in South Carolina. Arizonas statute required the judge to factually determine whether there existed an aggravating circumstance supporting the death penalty regardless whether the judge or a jury had determined guilt.... In South Carolina, conversely, a defendant convicted by a jury can be sentenced to death only if the jury also finds an aggravating circumstance and recommends the death penalty....

In any event, *Ring* did not involve jury-trial waivers and is not implicated when a defendant pleads guilty. Other courts have also reached this conclusion....

Appellant was informed that by pleading guilty he waived his right to a jury trial on both guilt and sentencing. He does not argue his waiver was made involuntarily, unknowingly, or unintelligently.... Appellant was not deprived of his right to a jury trial.

*Downs,* 361 S.C. at 146–47, 604 S.E.2d at 380 (citations omitted). We also rejected a challenge to the constitutionality of Section 16–3–20(B) for the same reasons in *State v. Wood,* 362 S.C. 135, 143, 607 S.E.2d 57, 61 (2004) (citing *Downs, supra* ).

We granted Appellant's motion to argue against the precedent of *Downs.* At oral argument, Appellant contended his case is factually distinguishable from *Downs* because, unlike the defendant in that case, Appellant sought a life sentence; he exhibited remorse for his crimes; and he offered a reason for his actions based on his statements to police that he murdered Blackwell and Watson, and tried to murder Gambrell, because he believed they were drug dealers who intended to harm his family.

We do not find persuasive Appellant's effort to distinguish his case from *Downs.* The constitutionality of Section 16–3–20(B) does not rest on a defendant's desire for a particular outcome, his sense of remorse, or his rationale for committing a particular crime. Instead, it rests, *inter alia,* on whether the statute comports with the right to a jury trial as established by this Court and the United States Supreme Court in inter-

preting the state and federal constitutions. *See* U.S. Const. amend VI; S.C. Const. art. I, § 14. Accordingly, we adhere to our opinion in *Downs* and reject Appellant's arguments for the reasons expressed in that case. Section 16–3–20(B) is not unconstitutional in light of *Ring, supra,* and a capital defendant may be sentenced only by a judge pursuant to that statute after knowingly and voluntarily waiving his right to a jury trial.

## III. SUFFICIENCY OF INDICTMENT AFTER *RING V. ARIZONA*

■ Appellant contends the circuit court lacked subject matter jurisdiction in his case because the indictment did not identify any aggravating factor which exposed him to the death penalty. Appellant relies primarily on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Jones v. U.S.,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); and *Ring, supra.* Under those cases, Appellant argues, aggravating circumstances necessary to impose the death penalty are considered elements of the crime of murder in a capital case. A jury must find the presence of aggravating circumstances beyond a reasonable doubt before the death penalty may be imposed. Concomitantly, Appellant contends, the defendant is entitled to an indictment which gives him pretrial notice of which aggravating circumstances the State intends to rely on at sentencing.

We recently addressed this issue in *Downs,* 361 S.C. 141, 604 S.E.2d 377. In that case, we stated that

[t]he [United States Supreme] Court expressly noted in both *Apprendi* and *Ring* that the cases did not involve challenges to state indictments. More important, the Fourteenth Amendment has not been construed to incorporate the Fifth Amendments Presentment or Indictment Clause. State law governs indictments for state-law crimes.

Under South Carolina law, aggravating circumstances need not be alleged in an indictment for murder. The aggravating circumstances listed in S.C.Code Ann. § 16–3–20(C)(a) (2003) are sentencing factors, not elements of murder. The circuit court had subject matter jurisdiction to sentence Appellant to death.

*Downs,* 361 S.C. at 147–48, 604 S.E.2d at 380–81 (citations omitted).

Appellant argues his case is factually distinguishable from *Downs,* as previously explained. We do not find persuasive Appellant's effort to distinguish his case from *Downs.* We also note the State, as required by statute, timely notified Appellant of its intention to seek the death penalty and identified the aggravating circumstances and related evidence the State intended to use at trial. *See* S.C.Code Ann. §§ 16–3–20(B) and 16–3–26 (2003). Accordingly, we adhere to our opinion in *Downs* and reject Appellant's arguments for the reasons expressed in that case. The circuit court had jurisdiction in Appellant's case.

In light of our disposition of this case, it is not necessary to address Appellant's argument that the circuit court erred by neglecting to obtain an explicit waiver of Appellant's right to testify at the sentencing hearing. *See Whiteside v. Cherokee County School Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (appellate court need not address remaining issue when resolution of prior issue is dispositive); *State v. Hill,* 360 S.C. 13, 18 n. 2, 598 S.E.2d 732, 734 n. 2 (Ct.App.2004) (stating same principle).

## CONCLUSION

We reverse Appellant's guilty plea for the reasons expressed in Issue I and remand this case to the circuit court for further proceedings consistent with this opinion.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.