623 S.E.2d 648

**The STATE, Respondent,**

v.

**Brad Keith SIGMON, Appellant.**

**No. 26087.**

Supreme Court of South Carolina.

Heard Nov. 1, 2005.

Decided Dec. 19, 2005.

Rehearing Denied Jan. 13, 2006.

Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney Gen-

eral Melody J. Brown, all of Columbia, and Robert M. Ariail, of Greenville, for Respondent.

Justice PLEICONES:

This is a death-penalty case. Appellant Brad Keith Sigmon (Sigmon) was convicted of two counts of murder and one count of first-degree burglary. He was sentenced to thirty years imprisonment for burglary and to death for murder. Before recommending the death penalty, the jury found the following aggravating circumstances: Sigmon murdered two persons by one act or pursuant to one scheme or course of conduct; Sigmon committed the murder while committing burglary; and Sigmon committed the murder while committing physical torture.[1] The jury found no mitigating circumstances. Sigmon appeals from the murder convictions only. This opinion consolidates the appeal and mandatory sentence review. We affirm.

## FACTS

The material facts are undisputed. Sigmon entered the dwelling of the two victims without consent and with intent to commit a crime. While in the dwelling, Sigmon unlawfully killed the victims with malice aforethought by repeatedly striking them in their heads with a baseball bat.

Sigmon was indicted for two counts of murder and one count of first-degree burglary. Neither murder indictment included an allegation of aggravating circumstances.

Almost one year prior to trial, the state gave Sigmon written notice of its intention to seek the death penalty.[2] Four weeks prior to trial, the state gave Sigmon written notice that it intended to introduce evidence that Sigmon committed the murders while committing burglary; that he murdered two or more persons by one act or pursuant to one scheme or course of conduct; and that he committed the murders while committing physical torture.[3]

---

1. *See* S.C.Code Ann. § 16–3–20(C)(a)(1)(b), (h) and (9) (2003).

2. This notice must be given at least thirty days prior to trial. S.C.Code Ann. § 16–3–26(A) (2003).

3. Notice of evidence of aggravation must be given, in writing, prior to trial. S.C.Code Ann. § 16–3–20(B) (2003). As discussed below, Sig-

At his arraignment, Sigmon stated his intention to admit at trial that he was guilty of the charged offenses. He pleaded not guilty, however, because he wanted a jury to determine his punishment.[4]

The jury found Sigmon guilty on all counts. At the subsequent penalty phase of the trial, the jury found all three aggravating circumstances mentioned above and recommended that Sigmon be sentenced to death. The circuit court sentenced Sigmon to thirty years imprisonment for first-degree burglary and to death for murder.

## ISSUE

Whether the murder convictions must be reversed because the murder indictments included no allegations of aggravation.

## ANALYSIS

■ The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusations." U.S. Const. amend. VI. Because that provision is incorporated by the Due Process Clause of the Fourteenth Amendment,[5] an accused enjoys the same right in a state prosecution.[6] *Faretta v. California,* 422 U.S. 806, 818, 95 S.Ct. 2525, 2533–34, 45 L.Ed.2d 562, 572 (1975). This right is satisfied if the notice is reasonable. *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682, 694 (1948).

■ We agree with Sigmon that his right to reasonable notice of the charges against him encompassed the right to

---

mon does not argue that his due-process rights were violated because the state's notice was untimely.

**4.** A jury trial on punishment is unavailable to a defendant who pleads guilty to murder. *See* § 16–3–20(B).

**5.** U.S. Const. amend. XIV, § 1.

**6.** The South Carolina Constitution similarly provides that "[a]ny person charged with an offense shall enjoy the right ... to be fully informed of the nature and cause of the accusation." S.C. Const. Art. I, § 14. Sigmon relies only on his right under the United States Constitution.

notice of any aggravating circumstances to be alleged at trial. Contrary to Sigmon's assertion, however, neither *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), nor *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), mandates that such notice be given through the indictment. In fact, the United States Supreme Court "expressly noted in both *Apprendi* and *Ring* that the cases did not involve challenges to state indictments.... More important, the Fourteenth Amendment has not been construed to incorporate the Fifth Amendment's Presentment or Indictment Clause.... State law governs indictments for state-law crimes.... Under South Carolina law, aggravating circumstances need not be alleged in an indictment for murder." *State v. Downs*, 361 S.C. 141, 147–48, 604 S.E.2d 377, 380–81 (2004) (citations omitted) (followed in *State v. Crisp*, 362 S.C. 412, 419–20, 608 S.E.2d 429, 433–34 (2005), and *State v. Wood*, 362 S.C. 135, 144, 607 S.E.2d 57, 61 (2004)). Compliance with Code sections 16–3–20(B) and 16–3–26(A) is sufficient to put an accused on reasonable notice that aggravating circumstances are alleged and that the death penalty is sought. Sigmon does not assert that the state's notice of evidence of aggravation did not comport with statutory requirements, or that he was denied due process because the notice was not given in sufficient advance of trial.

## SENTENCE REVIEW

We must review Sigmon's death sentence, based on the record, to determine whether the sentence is disproportionate to the crime committed. S.C.Code Ann. § 16–3–25(A) (2003). In conducting the review, we consider similar cases in which the death penalty has been upheld. *See* S.C.Code Ann. § 16–3–25(E) (2003).

We conclude that Sigmon's death sentence was not the result of passion, prejudice, or any other arbitrary factor, and that the evidence supports the jury's findings of aggravation. *See* S.C.Code Ann. § 16–3–25(C) (2003). Further, in comparison with similar cases, Sigmon's sentence was neither excessive nor disproportionate to his crime. *See State v. Vazsquez*, 364 S.C. 293, 613 S.E.2d 359 (2005) (involving a double murder committed in the course of robbery); *State v. Hill*, 361 S.C. 297, 604 S.E.2d 696 (2004) (involving a triple murder); *State v.*

*Wise,* 359 S.C. 14, 596 S.E.2d 475 (2004) (involving a quadruple murder committed in the course of burglary); *State v. Simmons,* 360 S.C. 33, 599 S.E.2d 448 (2004) (involving a murder committed in the course of physical torture); *State v. Shuler,* 353 S.C. 176, 577 S.E.2d 438 (2003) (involving a triple murder committed in the course of burglary); *State v. Weik,* 356 S.C. 76, 587 S.E.2d 683 (2003) (involving a murder committed in the course of burglary and physical torture); *State v. Hughey,* 339 S.C. 439, 529 S.E.2d 721 (2000) (involving a double murder committed in the course of burglary).

## CONCLUSION

Sigmon's constitutional right to notice of the charges against him was not violated. Further, his death sentence was proportionate to his crime. His murder convictions and death sentence are therefore

**AFFIRMED.**

TOAL, C.J., WALLER and BURNETT, JJ. Acting Justice DIANE S. GOODSTEIN, concur.