THIS OPINION HAS NO PRECEDTIAL VALUE AND SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Frederick L. Howell, Appellant.
 
 
 

Appeal From Orangeburg County
 James C. Williams, Jr., Circuit Court Judge

Unpublished Opinion No.  2007-UP-102
Submitted March 1, 2007  Filed March 6, 2007

AFFIRMED

 
 
 
Chief Attorney Joseph L. Savitz, III, of Appellate Defense, of Columbia, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM:  Frederick L. Howell claims the trial court rendered his guilty plea conditional by informing him of his right to appeal and to file a motion for post-conviction relief.  We affirm.[1]
FACTS
Howell was indicted for first-degree burglary.  During the plea colloquy, the trial court informed Howell that in order to plead guilty he would have to give up certain rights, and he would have the right to file an appeal and the right to file a motion for post-conviction relief.  The trial court went on to explain that any concerns Howell had would need to be raised at that time instead of waiting until some point in the future.  Howell raised no concerns to the trial court and stated that he still wanted to plead guilty.                
LAW/ANALYSIS
Conditional pleas are not valid in South Carolina. Pleas of guilty are unconditional, and if an accused attempts to attach any condition or qualification thereto, the trial court should direct a plea of not guilty.   State v. Truesdale, 278 S.C. 368, 370, 296 S.E. 2d 528, 529 (1982).  Howell did not attempt to attach any condition to his plea.  In the course of the plea colloquy, the trial court simply explained his rights to him.  Howell did not raise and the trial court did not accept any specific argument as a condition.  Compare State v. Downs, 361 S.C. 141, 146, 604 S.E.2d 377, 379-80 (2004) (finding a guilty plea to be unconditional because defendant did not reserve the right to later deny his guilt); with State v. OLeary, 302 S.C. 17, 17-18, 393 S.E.2d 186, 187 (1990) (finding a guilty plea to be conditional because the defendant reserved the right to challenge the constitutionality of a statute in relations to his plea). 
The trial courts explanation of the right to appeal and the right to file a motion for post-conviction relief did not render Howells plea conditional. 
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.