**UNITED STATES of America,
Respondent-Appellee,**

v.

**George J. BLUSO, Petitioner-Appellant.**

**No. 74–1691.**

United States Court of Appeals,
Fourth Circuit.

Argued April 10, 1975.

Decided July 18, 1975.

Martin A. Ferris, III, Baltimore, Md. (Dennis G. Silverman, Baltimore, Md., on brief), for appellant.

Donald H. Feige, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, ALDRICH,* Senior Circuit Judge, and MERHIGE, District Judge.

ALDRICH, Senior Circuit Judge.

Petitioner pleaded guilty to three of seven counts charging violation of the Wagering Tax Laws, 26 U.S.C. § 7201 *et seq.*, in August 1964, a time when assertion of his Fifth Amendment privilege against self-incrimination would not have barred conviction under these provisions. *Lewis* v. *United States*, 1955, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475; *United States* v. *Kahriger*, 1953, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754. After he had served his jail sentence and paid $1,233 of his fine, leaving a balance due of $3,850, the Supreme Court overruled *Kahriger* and *Lewis* in *Marchetti* v. *United States*, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and *Grosso* v. *United States*, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, holding the wagering tax statutes unenforceable against "those persons who have defended a failure to comply with their requirements with a proper assertion of the privilege against self-incrimination." *Marchetti*, ante, 390 U.S. at 42, 88 S.Ct. at 699. Thereafter, in *United States* v. *United States Coin & Currency*, 1971, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, the Court held *Marchetti* and *Grosso* to apply retroactively to bar forfeiture of bookmaking proceeds seized incident to an arrest for failure to comply with the wagering tax provisions. On the basis of these rulings, petitioner sought a writ of error coram nobis or, alternatively to withdraw his guilty plea in accordance with F.R.Crim.P. 32(d). From adverse rul-

* Of the First Circuit, sitting by designation.

ings, *Bluso* v. *United States*, D.Md., 1974, 375 F.Supp. 1085, he appeals.

The government does not dispute the retroactive effect of *Marchetti* and *Grosso*, nor that, in the light of *United States Coin & Currency*, petitioner might compel vacating his conviction had he asserted his Fifth Amendment claim as either a precursor or an alternative to his plea of guilty. Rather, it makes the narrow point that a simple plea of guilty without the assertion of the privilege against self-incrimination constitutes a valid waiver of that privilege absent evidence that petitioner was "incompetently advised." See *Brady* v. *United States*, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *McMann* v. *Richardson*, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

The Court has placed a very heavy burden on one alleging incompetent advice, declining to find it even where both the defendant and his counsel were unaware at the time the plea was entered of substantial material facts or defenses. Thus it is insufficient to show that the defendant did not know a pretrial confession would be inadmissible, *McMann*, ante, or that his grand jury had been unconstitutionally constituted, *Tollett* v. *Henderson*, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235; *see also Parker* v. *Ross*, 4 Cir., 1972, 470 F.2d 1092, or that the Supreme Court would later hold the count to which he pleaded unconstitutional, *Brady*, ante. While it is sometimes said that a waiver is a voluntary surrender of known rights, it may also be intended as a voluntary surrender of all rights, known and unknown. *Cf. McMann*, ante, 397 U.S. at 774, 90 S.Ct. 1441; *Brady*, ante, 397 U.S. at 757, 90 S.Ct. 1463. A guilty plea is normally understood as a lid on the box, whatever is in it, not a platform from which to explore further possibilities.

We see, however, one exception. Perhaps on the analogy of lack of consideration for a contract, if, because of an unknown constitutional right a defendant pleading guilty could not, in fact, have been prosecuted at all, and hence received an empty bargain, there is no reason to treat him any differently from a Marchetti or Grosso who sought no bargain, but went to trial. Thus, the Court has permitted a defendant to withdraw a plea founded upon a constitutional defect that goes to the very power of the sovereign to prosecute. *Blackledge* v. *Perry*, 1974, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628. That is the case here, for, as the Supreme Court has observed, the wagering tax statutes deal with the kind of conduct that cannot constitutionally be punished in the first instance. *United States* v. *United States Coin & Currency*, 1971, 401 U.S. 715, 723–24, 91 S.Ct. 1041, 28 L.Ed.2d 434. Although petitioner received, in return for his plea, a nol pros of the other four counts of the indictment, see 375 F.Supp. at 1086, these were empty shells, no different from the counts to which he pleaded. The government's claim that petitioner "struck a good bargain" is simply not so.

The government seeks to distinguish *Blackledge* on the ground that the defendant there could not have been prosecuted, "haled into court at all," 417 U.S. at 30, 94 S.Ct. 2098, whereas petitioner could have been prosecuted up to the point that he asserted the Fifth Amendment as a bar. Nevertheless, under the facts at issue assertion of the privilege at that point would constitute a complete defense and an absolute bar to further prosecution, so that, in substance, his guilty plea achieved nothing. It is this result which brings the instant case within the *Blackledge* rule, despite the nicety that prosecution was barred ab initio there while merely an absolute defense is raised here. We add that as a matter of policy a principle under which a defendant who can conclusively show that he gained nothing by his plea winds up worse off than one who put the government to its proof has little to recommend it.

In reaching this decision we do not rely on earlier cases such as *United States* v. *Miller*, 4 Cir., 1969, 406 F.2d 1100, 1105; *Meadows* v. *United States*, 9

Cir., 1969, 420 F.2d 795, 797–98, *cert. denied*, 402 U.S. 948, 91 S.Ct. 1607, 29 L.Ed.2d 118, and *Scogin* v. *United States*, 8 Cir., 1971, 446 F.2d 416, 419, which envisaged the question as simply one of the inability of a pleading defendant to waive a claim which does not yet exist. The courts in two of these cases lacked the guidance provided by the Supreme Court in *Brady* and *McMann*, and all three the additional enlightenment of *Tollett* v. *Henderson*, which hold us to the conclusion that a guilty plea advantageous to a defendant must stand despite unknown defences which merely reduce the advantage.

The order of the district court is vacated; the sentence and judgment of conviction are vacated; the indictment is dismissed, and the government is ordered to repay that portion of the fine which it has received[1], without interest.

1. *DeCecco* v. *United States*, 1 Cir., 1973, 485 F.2d 372, 374.