552 S.E.2d 288

The STATE, Respondent,

v.

Brenda Kay PEPPERS, Appellant.

No. 25330.

Supreme Court of South Carolina.

Heard June 20, 2001.

Decided July 23, 2001.

C. Rauch Wise, of Greenwood, and Lynn M. Paltrow, of National Advocates for Pregnant Women, of New York, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Senior Assistant Deputy Attorney General Harold M. Coombs, Jr., all of Columbia, and Solicitor W. Townes Jones, IV, of Greenwood, for respondent.

Judith K. Appel, Ayelet Waldman, and Daniel Abrahamson, of The Lindesmith Center, of San Francisco, and David T. Goldberg, of Brooklyn, New York, for amici curiae American Public Health Association, South Carolina Medical Association, American Nurses Association, South Carolina Nurses Association, American Academy on Physician and Patient, American Academy of Addictions Psychiatry, Association of Maternal and Child Health Programs, Institute for Health and Recovery, and Ira J. Chasnoff, M.D.

PER CURIAM:

Appellant appeals her guilty plea for violating S.C.Code Ann. § 20–7–50 (Supp.1995). She attempts to raise a number of constitutional challenges to this Court's decision in *Whitner v. State*, 328 S.C. 1, 492 S.E.2d 777 (1997), and alleges the trial court lacked subject matter jurisdiction to accept her plea. Because her guilty plea was a nullity, we decline to address the issues raised, and we vacate her plea and sentence.

## FACTS/PROCEDURAL HISTORY

After giving birth to a stillborn child, Brenda Peppers ("Peppers") was charged with violating S.C.Code Ann. § 20–7–50 (Supp.1995).[1]

Prior to entering her guilty plea, Peppers made a motion to quash the indictment. Her attorney made the following objection:

Judge, there's one matter that the defense has before you take the plea. Realizing that this court is bound by the case of State v. Whitner, [sic] which the court is very familiar with, and under the principles set forth in *Blackledge v. Perry*, [417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) ] a U.S. Supreme Court case which allows a[sic] to make a motion to quash an indictment if the motion to quash would end the case and preserve the issues for future review, I would move to quash the indictment. . . .

Counsel proceeded to argue that the indictment violated the Fourteenth Amendment to the United States Constitution, Article I, Section X of the South Carolina Constitution, and "the principles of *Roe v. Wade*." He further argued that the indictment was unconstitutional in that the term "viability," as used in the indictment, was vague such that a person of "common knowledge" would be unable to determine the point

---

1. At the time of the alleged offense, section 20–7–50 provided that:

It is unlawful for a person who has legal custody of a child or helpless person, without legal excuse, to refuse or neglect to provide the proper care and attention, as defined in Section 20–7–490, for the child or helpless person, so that the life, health, or comfort of the child or helpless person is endangered or is likely to be endangered. A person who violates the provisions of this section is guilty of a felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than ten years, or both.

at which viability is attained. Finally, he moved to quash the arrest warrant on the grounds that Section 20–7–50 did not provide adequate notice of the conduct it prohibited. The trial court denied all motions, while assuring defense counsel that Peppers was "protected" on the record, and accepted Peppers' guilty plea.

## ANALYSIS

It was error for the trial court to accept Peppers' conditional plea. In *State v. O'Leary*, 302 S.C. 17, 393 S.E.2d 186 (1990), the trial court accepted the defendant's plea of guilty to the offense of driving under suspension ("DUS"), conditioned, however, upon the defendant's right to appeal his constitutional challenges of the DUS statute. This Court held that

[g]uilty pleas are unconditional and, if an accused attempts to attach any condition, the trial Court must direct a plea of not guilty.... It is,thus, impermissible for a defendant to preserve constitutional issues while entertaining a guilty plea; the trial Court may not accept the plea on such terms.

*Id.* at 18, 393 S.E.2d at 187 (internal citation omitted).

In *State v. Truesdale*, 278 S.C. 368, 296 S.E.2d 528 (1982), the Court reversed the defendant's conviction which followed his conditional guilty plea. The Court stated that the entrance of a conditional guilty plea

is a practice not recognized in South Carolina and a practice which we expressly disapprove. Pleas of guilty are unconditional, and if an accused attempts to attach any condition or qualification thereto, the trial court should direct a plea of not guilty.... The basis for this rule is, of course, the settled doctrine that a guilty plea constitutes waiver of all prior claims of constitutional rights or deprivations thereof.... It was thus improper for appellant to seek to preserve the constitutional issues enumerated above while entering pleas of guilty. It was error of the trial court to accept the pleas on such terms.

*Id.* at 370, 296 S.E.2d at 529 (internal citations omitted).

We do not construe the holding of *Blackledge v. Perry, supra,* as broadly as Peppers. Perry was an inmate in North Carolina's correctional system. While incarcerated, he allegedly attacked a fellow inmate with a weapon, and was charged

with the misdemeanor offense of assault with a deadly weapon. Under North Carolina law, the District Court Division of the General Court of Justice had exclusive jurisdiction for the trial of all misdemeanors. Any person convicted in the District Court had the right to a trial de novo in the Superior Court. When an appeal was taken, the prior conviction was annulled, and the prosecution began anew in the Superior Court.

The District Court convicted Perry in a bench trial and sentenced him to a six-month sentence. Perry appealed to the Superior Court. After Perry filed his notice of appeal, but prior to his trial in Superior Court, the prosecutor obtained an indictment against Perry, charging him with the felony of assault and battery with a deadly weapon with intent to kill and inflict serious bodily injury. This indictment covered the same conduct for which Perry had been convicted in District Court. Perry pleaded guilty to the charges contained in the indictment and was sentenced to a term of five to seven years imprisonment.

Against this backdrop, the United States Supreme Court held it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him. The Court held further that Perry's guilty plea to the charges in the indictment "did not foreclose him from attacking his conviction ... through a federal writ of habeas corpus." *Blackledge*, 417 U.S. at 31, 94 S.Ct. at 2104.

Blackledge has no application to the facts of this case, and does not limit

this Court's ability to prohibit conditional guilty pleas.

## CONCLUSION

Because a defendant's guilty plea must be unconditional, Peppers' purported plea and sentence are VACATED.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.