THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Ernest Spann,       
Appellant.
 
 
 

Appeal From Darlington County
Michael J. Baxley, Circuit Court Judge

Unpublished Opinion No. 03-UP-107
Submitted November 20, 2003  Filed 
 February 6, 2003   

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, 
 for Appellant
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, of Columbia; Solicitor Jay E. 
 Hodge, Jr., of Darlington; for Respondent
 
 
 

PER CURIAM:  Ernest Spann was indicted for 
 murder, unlawful possession of a pistol, and possession of a firearm during 
 the commission of a violent crime.  Spann pleaded guilty to the lesser included 
 offense of voluntary manslaughter and the solicitor nol prossed the remaining 
 two charges.  Spann argues the trial judge erred in accepting a conditional 
 guilty plea.  We affirm.
FACTS
Spann was indicted for murder, unlawful possession of a pistol, 
 and possession of a firearm during the commission of a violent crime.  Prior 
 to trial Spann filed a motion to exempt him from a mandatory sentence of life 
 in prison without parole under South Carolina Code Annotated section 17-25-45 
 should he either plead guilty or be found guilty by the jury of murder or voluntary 
 manslaughter.  The trial judge reserved hearing and ruling on this motion until 
 after the jury returned its verdict. 
Spann proceeded to trial on the three charges.  However, 
 after jury selection and other pretrial matters had been conducted Spann accepted 
 the solicitors offer to plead guilty to voluntary manslaughter.  The solicitor 
 also offered to nol pros the weapons charges.  The solicitor made no other recommendations.  

The trial judge initially inquired how Spanns 
 guilty plea would impact upon the sentencing provisions of the recidivist statute.  
 Spann argued section 17-25-45 should not apply to him given his only prior most 
 serious offense occurred fourteen years earlier. [1]   Spann indicated his desire to 
 perfect an appeal and take his argument a little farther should the trial 
 judge deny his motion and sentence him to life without parole.  Spann argued 
 the provisions of section 17-25-45 were vague and overbroad. 
The solicitor opposed any deviation from the sentencing 
 provisions of section 17-25-45, stating the statute required a sentence of life 
 without parole. 
Before accepting Spanns guilty plea, the trial judge 
 informed Spann in no uncertain terms that section 17-25-45 did not offer the 
 judge any discretion in sentencing and by pleading guilty to voluntary manslaughter 
 Spann would die in prison.  The trial judge denied Spanns motion to exempt 
 him from sentencing under the recidivist statute, accepted Spanns guilty plea, 
 and sentenced him to life in prison without the possibility of parole. 
DISCUSSION
Spann argues the trial judge erred in accepting his conditional 
 guilty plea given the mutual understanding Spann would appeal the constitutionality 
 of the sentencing provisions of section 17-25-45.
Guilty pleas are unconditional and, 
 if an accused attempts to attach any condition, the trial court must direct 
 a plea of not guilty.  State v. OLeary, 302 S.C. 17, 18, 393 S.E.2d 
 186, 187 (1990).  It is impermissible for a defendant to attempt to preserve 
 constitutional issues while entering a guilty plea.  Id.    
In State v. Truesdale, 278 S.C. 368, 296 S.E.2d 528 
 (1982), a guilty plea was held to be conditional where the defendant asserted, 
 at the time of his plea, that the trial judge had deprived him of his constitutional 
 rights by denying numerous pretrial motions.   Prior to trial, the defendant 
 had moved: (1) to change venue; (2) to limit the solicitors use of peremptory 
 challenges; and (3) to place restrictions upon the disqualifications of jurors 
 for cause.
In OLeary, the defendant conditioned his guilty plea 
 to driving under suspension upon his right to appeal the constitutionality of 
 a statute regarding notice to drivers whose licenses are suspended.  OLeary, 
 302 S.C. at 17-18, 393 S.E.2d at 187.
Recently, our Supreme Court vacated a guilty plea as being 
 conditional where the defendant argued an indictment was unconstitutional.  
 State v. Peppers, 346 S.C. 502, 552 S.E.2d 288 (2001).  The defendant 
 also argued the statute charged in the indictment did not provide adequate 
 notice of the conduct it prohibited.  Id. at 504, 552 S.E.2d at 289.  
 The trial judge denied the motions, but assured defense counsel he was protected 
 on the record.  Id. 
The sentencing issue Spann raised by motion at trial 
 is quite unlike the issues preserved for appeal by defendants in other conditional 
 guilty plea cases.  Upon examination of these earlier cases it is clear the 
 guilty pleas entered were truly conditional, in that the preserved issues, if 
 heard on appeal and decided in favor of the defendant, would necessitate the 
 reversal of a conviction, whether that conviction be by guilty plea or by a 
 jurys verdict.  In the present case, Spann admits his guilt and merely raises 
 a sentencing issue.  Spann does not contest any issue that would require a reversal 
 of a conviction.
CONCLUSION
Based on the foregoing analysis, 
 the trial judge did not err in accepting Spanns guilty plea. 
 AFFIRMED. 
CONNOR, STILWELL and HOWARD, 
 JJ., concur.

 
 
 [1]    Spann had pleaded guilty in 1987 to assault and battery with intent 
 to kill.