584 S.E.2d 117

**Clyde EASTER, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25677.**

Supreme Court of South Carolina.

Submitted June 25, 2003.

Decided July 21, 2003.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General B. Allen Bullard, all of Columbia, for Petitioner.

Assistant Appellate Defender Aileen P. Clare, of the South Carolina Office of Appellate Defense of Columbia, for Respondent.

Justice BURNETT:

We granted certiorari to review the lower court's decision granting Clyde Easter ("Easter") post-conviction relief ("PCR"). We reverse.

## FACTS

Easter was indicted for armed robbery, kidnapping, and assault and battery with intent to kill. The State served notice of its intent to seek a sentence of life without parole pursuant to S.C.Code Ann. § 17–15–45(A) (Supp.2001), based on Easter's two previous convictions in New York.

Prior to trial, Easter challenged the application of § 17–15–45 asserting the statute violated his constitutional rights and, alternatively, was inapplicable because his prior convictions could not support the sentence enhancement. The trial court denied Easter's motions.

Easter pled guilty to all charges. While Easter did not dispute his guilt he did object to the life without parole sentence imposed. His appeal was dismissed. *State v. Easter,* Op. No. 99–UP–013 (S.C. Ct.App. filed January 13, 1999).

Easter filed a PCR application alleging various instances of ineffective assistance of trial and appellate counsel. The PCR court granted relief on trial counsel's ineffectiveness in advising Easter to enter a conditional guilty plea.

## ISSUE

Did the PCR court err in finding trial counsel provided ineffective assistance in advising Easter to plead guilty?

## DISCUSSION

The burden is on the applicant in a post-conviction proceeding to prove the allegations in his application by showing counsel's performance was deficient, and the deficient performance prejudiced the applicant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989).

The PCR court found trial counsel deficient because he advised Easter to plead guilty while preserving for appeal his objection to the imposition of the sentence of life without parole. The PCR court found by objecting to the sentence Easter involuntarily entered an invalid conditional plea. We disagree.

To be valid, a guilty plea must be unconditional. *State v. Peppers,* 346 S.C. 502, 552 S.E.2d 288 (2001); *see, e.g., State v. O'Leary,* 302 S.C. 17, 18, 393 S.E.2d 186, 187 (1990); *State v. Truesdale,* 278 S.C. 368, 296 S.E.2d 528 (1982). Sentencing, although often combined with the admission of guilt in a hearing, is a separate issue from guilt and a distinct phase of the criminal process. *See Gilbert v. State,* 245 Ga.App. 544, 538 S.E.2d 104 (2000). Therefore, when Easter

82

entered his guilty plea but objected to his sentence he did not enter an invalid, conditional guilty plea. Trial counsel did not provide ineffective assistance of counsel.

We **REVERSE.**

MOORE, Acting C.J., WALLER and PLEICONES, JJ., concur. TOAL, C.J., not participating.