THE STATE OF SOUTH CAROLINA
 In The Supreme Court
 
 
 
 
 Ricky Dean Edwards, Petitioner,
 
 
 

v.
 
 
 
 
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Horry County
 John Milling, Trial Judge
  Paula H. Thomas, Post-Conviction Relief Judge

Memorandum Opinion No. 2004-MO-072
 Submitted November 29, 2004  Filed December 20, 2004

REVERSED AND REMANDED

 
 
 
 
 Assistant Appellate Defender Aileen P. Clare, S.C. Office of Appellate 
 Defense, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General 
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Senior Assistant Deputy Attorney General Norman Mark Rapoport, all of 
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from the denial of 
 his application for post-conviction relief (PCR).  The petition is denied on 
 petitioners Question 2.
Because there is sufficient evidence to support the PCR judges finding that 
 petitioner did not knowingly and intelligently waive his right to a direct appeal, 
 we grant certiorari on petitioners Question 1 and proceed with a review of 
 the direct appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 
 S.E.2d 60 (1986).
Before the start of his trial, petitioner made a motion to quash the indictment.  
 Petitioner argued the section of the first degree burglary statute that he was 
 being charged under unconstitutionally denied him due process because it allowed 
 his prior crimes to be introduced as elements of first degree burglary. [1]   The trial judge denied the motion.  
After the first day of trial, petitioner entered a plea of guilty but mentally 
 ill.  Trial counsel requested that the plea be accepted subject to petitioners 
 right to appeal the constitutionality of the burglary statute; the State did 
 not object.  The trial judge accepted the plea and stated, [T]he appeal will 
 be taken, but he will not be prejudiced with respect to his right to contest 
 the portion of the statute that provides that burglary in the first degree is 
 based upon two prior convictions of burglary or housebreaking, two or more prior 
 convictions.  
In this State, guilty pleas must be unconditional.  State v. Peppers, 
 346 S.C. 502, 552 S.E.2d 288 (2001).  If a defendant attempts to attach any 
 condition to a guilty plea, then the trial court should direct a plea of not 
 guilty.  State v. OLeary, 302 S.C. 17, 393 S.E.2d 186 (1990).  It is 
 impermissible for a defendant to preserve constitutional issues while entertaining 
 a guilty plea.  Id.  If the trial court accepts a conditional guilty 
 plea, then the plea will be vacated on appeal.  Peppers, supra.
In our opinion, petitioners guilty plea was conditional and was, therefore, 
 invalid.  Trial counsel, the State, and the trial judge all acknowledged the 
 conditional nature of petitioners guilty plea during the proceeding, yet the 
 plea was still accepted.  Accordingly, petitioners guilty plea is vacated and 
 the case is remanded for a new trial.
REVERSED AND REMANDED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

 [1] A person is guilty of burglary in the first degree 
 if the person enters a dwelling without consent and with intent to commit a 
 crime in the dwelling, and . . . the burglary is committed by a person with 
 a prior record of two or more convictions for burglary or housebreaking or a 
 combination of both . . . .  S.C. Code Ann. § 16-11-311 (A)(2) (2003).