THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Stephen Tyrone Simmons, Appellant.
 
 
 

Appeal From York County
 Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2006-UP-030
Submitted January 1, 2006  Filed January 12, 2006    

AFFIRMED

 
 
 
 Acting Chief Attorney Joseph L. Savitz III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.
 
 
 

PER CURIAM:  In this appeal of a guilty plea, Stephen Tyrone Simmons argues the trial court erred in accepting his guilty plea because it was made conditional on his ability to appeal the denial of pre-trial motions.  We affirm.[1]  
FACTS 
On April 27, 2002, York County narcotics officers instructed James Moore, a confidential informant, to contact Simmons and set up a deal over the telephone to purchase cocaine.  Moore and Simmons agreed to meet at a liquor store.  Simmons delivered to Moore what was later identified as 114.70 grams of cocaine.  The police videotaped the transaction between Simmons and Moore.  Simmons was apprehended, given his Miranda rights, which he waived, and confessed to delivering cocaine to Moore.
In July 2002, the York County Grand Jury indicted Simmons on one count of trafficking between 100 and 200 grams of cocaine.  The case was called for a jury trial on November 6, 2002.  Simmons proceeded pro se.  Prior to trial, Simmons submitted a Uniform Commercial Code (UCC) document to the trial court, moved to dismiss the claims against him based on this document, and moved to file a commercial lien against everyone involved in the prosecution.  The trial court denied the motion stating that it was unrelated to the criminal case at hand.  Simmons then moved to renounce his United States citizenship.  The trial court informed Simmons it did not have jurisdiction to grant such a request, and he would have to pursue the request in federal court. 
The trial court impressed upon Simmons the importance of having representation, and Simmons decided that it was in his best interest to move forward with an attorney.  After a brief recess, Simmonss counsel informed the trial court that Simmons wanted to plead guilty pursuant to an agreement with the State to allow a plea to the lesser charge of trafficking between 28 and 100 grams of cocaine, second offense, with a negotiated sentence of sixteen years.  In accordance with the plea agreement and negotiated sentence, Simmons was sentenced to sixteen years.  This appeal followed.  
LAW/ANALYSIS
Simmons argues the trial court erred in accepting his guilty plea because it was made conditional on his ability to appeal the denial of his pre-trial motions concerning the UCC claim and the request to renounce his citizenship. We disagree. 
In South Carolina, a guilty plea must be unconditional.  State v. Peppers, 346 S.C. 502, 504, 552 S.E.2d 288, 289 (2001).  If an accused attempts to attach any condition, the trial court must direct a plea of not guilty.  State v. OLeary, 302 S.C. 17, 18, 393 S.E.2d 186, 187 (1990).  The basis for this rule is the settled doctrine that a guilty plea constitutes a waiver of all prior claims of constitutional rights or deprivations thereof.  Peppers, 346 at 504, 552 S.E.2d at 289. 
Rule 201, SCARC, provides an appeal may be taken, as provided by law, from any final judgment or appealable order.  However, it is error for defendants to preserve certain issues while entering pleas of guilty, and if a defendant does so, the plea is conditional and invalid.  See State v. OLeary, 302 S.C. 17, 18, 393 S.E.2d 186, 187 (1990).  The issues Simmons sought to preserve for appeal are not issues that are prohibited from being preserved.  Generally, the issue of a conditional plea arises when a defendant seeks to preserve for appeal a challenge to the constitutionality of the underlying statute or preserve for appeal pre-trial motions concerning the deprivation of a constitutional right.  
In OLeary, the trial court accepted the defendants plea of guilty to the offense of driving under suspension (DUS), conditioned, however, upon the defendants right to appeal his constitutional challenges of the DUS statute.  Id. at 18, 393 S.E.2d at 187.  In finding OLearys plea to be conditional and invalid, the Supreme Court of South Carolina held that

 [g]uilty pleas are unconditional and, if an accused attempts to attach any condition, the trial court must direct a plea of not guilty. . . . It is, thus, impermissible for a defendant to preserve constitutional issues while entertaining a guilty plea; the trial court may not accept the plea on such terms.

 Id. (citations omitted).
Additionally, in the case of State v. Truesdale, 278 S.C. 368, 296 S.E.2d 528 (1982), the trial court reversed the defendants conviction, following his conditional guilty plea.  In pre-trial motions, Truesdale sought a change of venue, a limitation on the use of peremptory challenges by the solicitor, and certain restrictions upon the disqualification of jurors for cause.  Id. at 369, 296 S.E.2d at 529.  These motions were denied, and Truesdale entered a plea of guilty.  The Supreme Court of South Carolina held the entrance of such a conditional guilty plea was improper, and it was error for the trial court to accept the pleas on such terms.  Id. at 370, 296 S.E.2d at 529.  It is important to note that prior to the trial court accepting Truesdales guilty plea, his counsel made an equivocating statement as follows: 

 However, to the extent that the denial of any of these three motions did, as we maintain, deny this young man a jury that was constitutionally selected, it would be my judgment and I think the record should reflect our position, that the plea is in fact the product of what we assert to be the deprivation of his constitutional rights.

Id. at 370, 296 S.E.2d at 528.  In the instant case, Simmons did not condition his plea on the appeal of his pre-trial motions, nor did Simmons make an equivocating statement denying his guilt while still pleading guilty.  He never attempted to reserve the right to later deny his guilt.  
Courts have often upheld pleas that preserved certain issues not connected with the guilt.  In the case of State v. Downs, 361 S.C. 141, 604 S.E.2d 377 (2004), Downs reserved the right to present evidence that he committed the crime while he was mentally ill and moved forward with the guilty plea.  This court held that guilty but mentally ill (GBMI) is still guilty.  Id. at 146, 604 S.E.2d at 380.  The difference between guilty and GBMI pertains only to post-sentencing medical treatment, and therefore, Downss guilty plea was unconditional.  Id.  This issue also arose in the case of Easter v. State, 355 S.C. 79, 584 S.E.2d 117 (2003).  The Supreme Court of South Carolina found that when Easter entered his guilty plea, but objected to his sentence, he did not enter an invalid, conditional guilty plea.  Id. at 81, 584 S.E.2d at 119.  Sentencing, although often combined with the admission of guilt in a hearing, is a separate issue from guilt and a distinct phase of the criminal process.  Id.  
Both the Easter and Downs cases are similar to this case.  Here, Simmons sought pre-trial motions concerning a commercial lien and renouncing his United States citizenship.  Neither of these motions concerned his guilt.  In fact, when the trial court asked Simmons if he was in fact guilty of trafficking powder cocaine, Simmons replied Yes.  The trial court explained Simmonss right to appeal and that by pleading guilty, he was extinguishing some rights that you would have to raise on appeal.  Simmons was then given time to consult with his attorney concerning his appellate rights, and his attorney informed the trial court that Simmons understood those rights. 
Simmons did not attach a condition to his guilty plea.  Simmons did not condition his plea on the outcome of an appeal of his pre-trial motions.  Simmons merely sought to preserve his right to appeal motions that did not concern his guilt.  Therefore, the trial court did not err in accepting Simmonss guilty plea because it was not an invalid conditional plea.  
AFFIRMED. 
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.