638 S.E.2d 682

**In the Interest of JOHNNY LEE W., a minor under the age of seventeen, Appellant.**

No. 26233.

Supreme Court of South Carolina.

Heard Oct. 5, 2006.

Decided Dec. 4, 2006.

Appellate Defender Eleanor Duffy Cleary, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, of Columbia; and Cecil Kelly Jackson, of Sumter, for respondent.

Justice MOORE:

In this appeal, we are asked whether the trial judge erred by accepting appellant's conditional guilty pleas. We vacate in part and remand.

## FACTS

Appellant was charged with disturbing school and threatening a public official in January 2004. He filed a motion to quash the charge based on the unconstitutionality of S.C.Code Ann. § 16–17–420 (Supp.2005), on the grounds it was unconstitutionally vague and overbroad.[1] The motion was denied by Judge George McFaddin, Jr.

Subsequently, appellant was charged with disturbing school in September 2004, by hitting two students, and disturbing school on the same date by hitting a third student.[2] Appellant filed a motion to quash these two charges on the same constitutional grounds.

Appellant pled guilty to the three charges of disturbing schools. He entered a plea of no contest to the threatening a public official charge. Finding he was bound by Judge McFaddin's earlier ruling on the motion to quash, Judge R. Wright Turbeville found that the statute is not unconstitutional. Judge Turbeville adjudicated appellant a delinquent and accepted his pleas and remanded him to Reception and Evaluation for evaluation.

Appellant later appeared before Judge Turbeville for disposition and was sentenced to commitment to the Department of Juvenile Justice for an indeterminate period not to exceed his twenty-first birthday. The sentence was suspended and appellant was placed on probation for one year.

## ISSUE

Are appellant's guilty pleas invalid as conditional guilty pleas?

## DISCUSSION

At the adjudicatory hearing, the following exchange occurred:

1. We recently held in the opinion of *In the Interest of Amir X.S.*, Op. No. 26219, 371 S.C. 380, 639 S.E.2d 144, 2006 WL 3196260 (2006), that the statute was not unconstitutional.

2. Appellant was also charged with malicious injury to property. He pled guilty and did not appeal that adjudication.

COUNSEL: ... What I'm trying to do here is, in the interest of judicial economy and without putting the State to the task of a trial to prove that we engaged in conduct that would violate the statute if the statute were constitutional, is to simply stipulate to that, but continuing to maintain for and preserve our right to appeal.

THE COURT: To preserve your right to appeal Judge McFaddin's ruling.

COUNSEL: Yes, sir.

THE COURT: Okay. The constitutionality of those statutes.

COUNSEL: That's the only thing we're trying to do today without having to take the court's time to hear conduct we essentially admit to, but just say that it's not illegal.

THE COURT: You stipulate to the fact that if that statute is constitutional, that his conduct violated it?

COUNSEL: Yes, sir.

Thereafter, Judge Turbeville accepted appellant's guilty pleas.

■ Appellant argues the judge erred by accepting his disturbing schools guilty pleas because they were conditioned on his right to appeal the issue of whether the statute proscribing disturbing schools is unconstitutional. The State conceded at oral argument that appellant's pleas were conditional.[3]

■ A trial court may not accept a conditional plea. *See State v. Truesdale*, 278 S.C. 368, 296 S.E.2d 528 (1982) (conditional plea is a practice not recognized in South Carolina and a practice of which this Court expressly disapproves; if an accused attempts to attach any condition or qualification to a plea, the trial court should direct a plea of not guilty). *See also State v. Peppers*, 346 S.C. 502, 552 S.E.2d 288 (2001) (court could not accept guilty plea where appellant conditioned

---

**3.** The State argues, however, that the issue is not preserved for review because appellant did not raise this issue at the later disposition hearing nor did he move to withdraw his pleas. This contention is without merit. *See State v. Peppers*, 346 S.C. 502, 552 S.E.2d 288 (2001) (conditional plea vacated although appellant had not moved to withdraw the plea); *State v. O'Leary*, 302 S.C. 17, 393 S.E.2d 186 (1990) (same).

guilty plea upon right to appeal constitutionality of indictment); *State v. O'Leary,* 302 S.C. 17, 393 S.E.2d 186 (1990) (court could not accept guilty plea where appellant conditioned guilty plea upon right to appeal constitutionality of statute).

Accordingly, the trial court erred by accepting the conditional pleas to the charges of disturbing school and those pleas are vacated. Appellant argues that because all of his pleas were entered together and the sentence reflects a combination of the pleas, each of his pleas and sentence should be vacated. However, appellant did not appeal his guilty plea to malicious injury to property, therefore, that plea is unaffected by his entering conditional pleas to the disturbing school charges. Further, appellant's *nolo contendere* plea to threatening a public official was not entered as a conditional plea; therefore, it is not vacated.

Although there are two valid guilty pleas, appellant's sentence is vacated because it was a combination sentence for all of the charges against him. On remand, the court may resentence appellant on the charges of malicious injury to property and threatening a public official. If appellant chooses to re-plead to the disturbing schools charges without placing conditions on those pleas, then appellant may also be sentenced on those charges at that time, or he may choose to proceed to trial on those charges. Accordingly, the decision of the trial judge is

**VACATED IN PART AND REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.