THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Tyrone Graddick, Appellant.
 
 
 

Appeal From Berkeley County
 J. C. Buddy Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-079
Submitted February 1, 2007  Filed February 13, 2007

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III , Office of South Carolina Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney General, all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Tyrone Graddick appeals from an Alford plea to the charges of criminal sexual conduct in the first degree (CSC) and possession of a firearm during the commission of a violent crime.  Graddick argues the plea judge erred in informing him of his right to appeal as that impermissibly converted his Alford plea into a conditional plea, which is disallowed in South Carolina under State v. Truesdale  278 S.C. 368, 370, 296 S.E.2d 528, 529 (1982).  We disagree, and affirm.[1]  Informing a defendant of his right to appeal does not convert an otherwise unconditional plea into a conditional plea. 
I.
Graddick was indicted on the charges of CSC, burglary, kidnapping, and possession of a firearm during the commission of a violent crime.  He entered an Alford plea (acknowledging the State had enough evidence to convince a jury of his guilt beyond a reasonable doubt) to the CSC and possession of a firearm charges, in exchange for which the State dropped the kidnapping and burglary charges.  The trial court accepted the Alford plea.  During the plea colloquy, the trial court informed the defendant of his right to file an appeal from his plea.  
II.
On appeal, Graddick argues the judge erred by informing him of his right to appeal from his plea.  His argument is that the trial court, by informing him of his right appeal, converted his Alford plea into a conditional plea.  Conditional pleas are disallowed in South Carolina, under State v. Truesdale, 278 S.C. 38, 296 S.E. 2d 528 (1982).  Graddick therefore argues his plea was invalid and thus should be vacated.  
This argument fails.  It is true that conditional pleas are not valid in South Carolina. 

 [A] conditional plea . . . is a practice not recognized in South Carolina and a practice which we expressly disapprove.  Pleas of guilty are unconditional, and if an accused attempts to attach any condition or qualification thereto, the trial court should direct a plea of not guilty. 

 Truesdale,  278 S.C. at 370, 296 S.E.2d at 529 (citations omitted); see also State v. Downs, 361 S.C. 141, 145, 604 S.E.2d 377, 379 (2004) (citing State v. Peppers, 346 S.C. 502, 505, 552 S.E.2d 288, 290 (2001) (If the trial court accepts a conditional guilty plea, then the plea will be vacated on appeal.)); State v. OLeary, 302 S.C. 17, 18, 393 S.E.2d 186, 187 (1990) (Guilty pleas are unconditional and, if an accused attempts to attach any condition, the trial [c]ourt must direct a plea of not guilty.). 
There was no conditional plea here, however.  The court did not approve any specific conditions on the appeal, nor did the defendant attempt to reserve any specific right to appeal from any particular aspect of his plea.  Unlike the defendants in OLeary and Peppers, Graddick did not propose to attach, and the plea court did not accept, any specific condition that would have been triggered by the plea courts acceptance of the guilty plea.  The plea court merely informed Graddick of his general right to appeal. 
 The mere fact that defendant was informed of his right to appeal does not convert this otherwise unconditional plea into a conditional one.  
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.