THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Andrew James Harrelson,
 Jr., Appellant.
 
 
 
 
 

Appeal From McCormick County
William P. Keesley, Circuit Court Judge

Memorandum Opinion No. 2010-MO-030
 Heard October 6, 2010  Filed November 8,
2010

VACATED AND REMANDED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of South Carolina Commission on Indigent Defense, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport and Assistant
 Attorney General Mark R. Farthing, Office of the Attorney General, all of
 Columbia, and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: Andrew James Harrelson, Jr.
 ("Harrelson") appeals the circuit court's sentence placing him on an
 active electronic monitoring device following a guilty plea.   Harrelson
 asserts the electronic monitoring provision found in Section 23-3-540 of South
 Carolina Code (Supp. 2009) is unconstitutional because it violates the Eighth
 Amendment prohibition against cruel and unusual punishment and disproportionate
 sentencing.  Because Harrelson's plea was conditional, we decline to address
 the issues raised, vacate the plea and remand for further proceedings.   
FACTUAL/PROCEDURAL BACKGROUND
Harrelson pled guilty to
 committing a lewd act on a minor.  During the plea colloquy, the judge informed
 Harrelson section 23-3-540 required he be placed on an electronic monitoring
 device.  Harrelson's attorney made a constitutional objection before the guilty
 plea was accepted. After accepting Harrelson's plea, the circuit court judge
 sentenced him to be committed to the South Carolina Department of Corrections
 Youthful Offender Division for an indeterminate term not to exceed six years,
 plus the applicable costs and assessments. In addition, Harrelson, upon release
 from imprisonment, was to wear an active electronic monitoring device and
 ordered to adhere to the standard conditions for sex offender monitoring. Harrelson
 reiterated his objection during the sentencing portion of the hearing, but the
 court overruled the objection.   This appeal followed. 
ISSUE
Harrelson raises one issue on appeal:  Whether
 the electronic monitoring provision under section 23-3-540 is unconstitutional
 to the extent it violates the Eighth Amendment prohibition against cruel and
 unusual punishment and disproportionate sentencing.  
STANDARD OF REVIEW
Generally, "[i]n criminal
 cases, an appellate court reviews errors of law only and is bound by the
 factual findings of the trial court unless clearly erroneous."  State
 v. Bryant, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007).  
LAW/ANALYSIS
It is axiomatic that
 conditional pleas may not be accepted in South Carolina.  See In re Johnny
 Lee W., 371 S.C. 217, 220, 638 S.E.2d 682, 684 (2006); see also State
 v. Peppers, 346 S.C. 502, 504, 552 S.E.2d 288, 289 (2001) (court could not
 accept guilty plea where appellant conditioned guilty plea upon right to appeal
 constitutionality of indictment); State v. Truesdale, 278 S.C. 368, 370,
 296 S.E.2d 528, 529 (1982) (conditional plea is a practice not recognized in South
 Carolina and a practice of which this Court expressly disapproves). If an
 accused attempts to attach any condition or qualification to a guilty plea,
 then the trial court should direct a plea of not guilty.  Truesdale,
 278 S.C. at 370, 296 S.E.2d at 529.  
The State contends that under State v. Easter, 355 S.C. 79, 584 S.E.2d 117 (2003), no conditional plea
 resulted from this situation.   In Easter, the court held that
 "[s]entencing, although often combined with the admission of guilt in a
 hearing, is a separate issue from guilt and a distinct phase of the criminal
 process.  Therefore, when Easter entered his guilty plea but objected to his
 sentence he did not enter an invalid, conditional guilty plea."  Id. at 81-82, 584 S.E.2d at 119.  We find Easterdistinguishable from the facts here.   In this case,
 Harrelson's trial counsel made a constitutional objection before the guilty
 plea was accepted by the circuit court.  Additionally, counsel reiterated that
 objection during the sentencing portion.  By objecting during the guilt portion
 of the hearing as opposed to just during the sentencing phase, Harrelson's plea
 became conditional.   
Because we find
 Harrelson's plea was conditional, we decline to address his Eighth Amendment
 challenges to section 23-3-540.  See
 State v. Allen, 370 S.C. 88, 102, 634 S.E.2d 653, 660 (2006) (declining to
 address remaining issues addressed by appellant when prior issue was
 dispositive).   

CONCLUSION
For the reason indicated
 above, we vacate Harrelson's guilty plea and remand for further proceedings.  
TOAL, C.J., PLEICONES,
 BEATTY, KITTREDGE and HEARN, JJ., concur.