HILL, J.:
Indicted for attempted murder, Bobby R. Sims claimed immunity from prosecution pursuant to the Protection of Persons and Property Act (Act), S.C. Code sections 16-11-410 to 450 (2015 and Supp. 2017). The trial court held an evidentiary hearing and denied Sims' immunity claim. Sims then pled guilty to the lesser-included offense of assault and battery of a high and aggravated nature (ABHAN). He now appeals, contending his assertion of immunity is a jurisdictional challenge a defendant may raise on appeal even after pleading guilty. Finding Sims' argument fits no exception to our steadfast rule against conditional guilty pleas, we affirm.
I.
Few principles of South Carolina criminal law are as ingrained as the notion that a knowing, voluntary, and intelligent guilty plea "constitutes a waiver of nonjurisdictional defects and claims of violations of constitutional rights." State v. Rice , 401 S.C. 330, 331-32, 737 S.E.2d 485, 485 (2013). Conditional pleas are not only ignored, but condemned. State v. Truesdale , 278 S.C. 368, 370, 296 S.E.2d 528, 529 (1982) (conditional plea "is a practice not recognized in South Carolina and a practice which we expressly disapprove"). A trial court is obligated to reject a defendant's attempt to hedge his bets by offering a conditional plea, State v. Inman , 395 S.C. 539, 555, 720 S.E.2d 31, 40 (2011), and if it does not, the conditional plea will be vacated on appeal.
While a valid guilty plea waives "nonjurisdictional" defects and defenses, it is unclear what amounts to a jurisdictional defect to a criminal prosecution. Sims does not contest personal jurisdiction. Nor does he argue the court lacked subject matter jurisdiction over his ABHAN prosecution in the sense State v. Gentry , 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005), defines it: the very power of the court to hear and determine the class of cases of which he was convicted.
Just because a court has subject matter jurisdiction over the class of cases a defendant is convicted of does not end our inquiry into whether a jurisdictional defect sufficient to survive a guilty plea exists. The jurisdictional power of the court of general sessions to adjudicate criminal cases is not unlimited. It does not include, for instance, the power to convict someone of a statute no longer in effect, In re Terrence M. , 317 S.C. 212, 214, 452 S.E.2d 626, 627 (Ct. App. 1994), or of a nonexistent offense. Whitner v. State , 328 S.C. 1, 5, 492 S.E.2d 777, 779 (1997).
Sims ties the jurisdictional defect to the State's lack of power to prosecute him at all. According to Sims, because immunity bars prosecution, it necessarily bars the court's power of jurisdiction over him, and the legitimacy of that power cannot be waived or conferred by a guilty plea. He does not-and could not-deny that his guilty plea operated as an admission of the conduct alleged in the indictment. Instead,
Sims claims the jurisdictional defect is consistent with the facts established by his plea.
Sims is right that the Act is more than a defense to a criminal charge; a defendant who proves his use of deadly force was justified by the Act is immune from prosecution. S.C. Code Ann. § 16-11-450(A) ; State v. Duncan, 392 S.C. 404, 410, 709 S.E.2d 662, 665 (2011) ("[W]e find that, by using the words 'immune from criminal prosecution,' the legislature intended to create a true immunity, and not simply an affirmative defense.
*634 ... Immunity under the Act is therefore a bar to prosecution....").
A series of federal cases acknowledge that a defendant's right not to be "haled into court" implicates the court's jurisdictional power. These cases hold a defendant who pleads guilty to something he could not be properly convicted of does not give up his right to claim he could not have been prosecuted in the first place. Blackledge v. Perry , 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (claim attacking "the very power of the State to bring the defendant into court to answer the charge brought against him" survives guilty plea); Menna v. New York , 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam) (where double jeopardy would bar State from "haling" defendant into court on charge, conviction must be set aside "even if the conviction was entered pursuant to a counseled plea of guilty"). Later, in United States v. Broce , 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Court limited Menna to cases where the double jeopardy violation appears on the face of the indictment and record. We have followed Broce 's qualification. State v. Thomason , 341 S.C. 524, 528-29, 534 S.E.2d 708 (Ct. App. 2000) (double jeopardy claim not evident from factual allegations of indictment and record waived by guilty plea).
Most recently, the Supreme Court has held a federal criminal defendant who entered an unconditional plea of guilty does not waive his right to challenge the constitutionality of the statute of conviction on direct appeal. Class v. United States , --- U.S. ----, 138 S.Ct. 798, 200 L.Ed.2d 37 (2018).
As well recognized as these cases are, they lack a core guiding principle capable of reliable application. The Second Circuit has crafted a helpful synthesis, which states a federal criminal defendant who unconditionally pleads guilty may still challenge his conviction on any ground "that, if asserted before trial, would forever preclude the state from obtaining a valid conviction against him, regardless of how much the state might endeavor to correct the defect." United States v. Curcio , 712 F.2d 1532, 1539 (2d Cir. 1983) (Friendly, J.) (quoting Westen, Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure , 75 Mich. L. Rev. 1214, 1226 (1977) ). "In other words, a plea of guilty may operate as a forfeiture of all defenses except those that, once raised, cannot be 'cured'." Id .
Although in South Carolina a defendant's attempt to reserve a constitutional attack on the statute of conviction renders the plea conditional and invalid, see, e.g. , State v. Peppers , 346 S.C. 502, 504-505, 552 S.E.2d 288, 289 (2001) (distinguishing Blackledge ); In re Johnny Lee W ., 371 S.C. 217, 220, 638 S.E.2d 682, 684 (2006), we find the Curcio formulation useful for determining whether a jurisdictional defect exists. Testing Sims' immunity claim against this standard turns up none. The defect Sims sees is the bar immunity raises to prosecution. But the right to immunity does not spontaneously appear; it is a statutory right a defendant must prove he is entitled to. So viewed, there is nothing defective in the State's prosecution of or the court's jurisdiction over a defendant asserting immunity until immunity is established. At that point, the defect incurably arises, and the court's jurisdiction departs.
We hold the viability of Sims' immunity claim ended with his plea, and under the circumstances here, his guilty plea is "a lid on the box, whatever is in it, not a platform from which to explore further possibilities." United States v. Bluso , 519 F.2d 473, 474 (4th Cir. 1975). Sims' statutory immunity claim warrants no exception to the rule against conditional pleas and the key role it plays in ensuring the finality of judgments. See State v. Tucker , 376 S.C. 412, 418, 656 S.E.2d 403, 406-407 (Ct. App. 2008) (defendant's statutory right to dismissal for violation of the Interstate Agreement on Detainers is nonjurisdictional and therefore waived by a guilty plea).
AFFIRMED.
LOCKEMY, C.J., AND HUFF, J., concur.