**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shi Heme Raquan Price, Appellant.

Appellate Case No. 2020-000091

———————

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-432
Submitted November 1, 2022 – Filed December 7, 2022

———————

**AFFIRMED**

———————

Stephen Drew Geoly, of Geoly Law Firm, and Robert
Jamison Tinsley, Jr., of Tinsley & Tinsley, P.C., both of
Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor David Matthew Stumbo,
of Greenwood, all for Respondent.

———————

**PER CURIAM:** Shi Heme Raquan Price appeals his guilty plea to voluntary manslaughter and thirty-year sentence, which was suspended to four years'

imprisonment with two years active in the South Carolina Department of Corrections and two years on house arrest. On appeal, Price argues the circuit court erred in denying his pretrial motion for immunity under the Protection of Persons and Property Act (the Act).[1] We affirm.

We hold Price waived his right to challenge the circuit court's denial of his immunity request when he pled guilty to involuntary manslaughter. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Sims*, 423 S.C. 397, 402, 814 S.E.2d 632, 634 (Ct. App. 2018) ("[T]he right to immunity does not spontaneously appear; it is a statutory right a defendant must prove he is entitled to."); *id.* ("[T]here is nothing defective in the State's prosecution of or the court's jurisdiction over a defendant asserting immunity until immunity is established. At that point, the defect incurably arises, and the court's jurisdiction departs."); *id.* (finding "the viability of [the defendant's] immunity claim ended with his plea" and a "guilty plea is 'a lid on the box, whatever is in it, not a platform from which to explore further possibilities'" (quoting *United States v. Bluso*, 519 F.2d 473, 474 (4th Cir. 1975))); *id.* (declining to address the merits of the defendant's claim for immunity under the Act because the defendant subsequently entered a guilty plea).

**AFFIRMED.**[2]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.